**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Javier PEREZ, Defendant–Appellant.**

**No. 90–4141.**

United States Court of Appeals, Tenth Circuit.

May 5, 1992.

Wayne T. Dance, Asst. U.S. Atty. (Paul Warner, United States Attorney, with him on the brief), Salt Lake City, Utah, for plaintiff-appellee.

John A. Wetteland, Jr., Atty., Portland, Or., for defendant-appellant.

Before MOORE, Circuit Judge, and ALDISERT * and McWILLIAMS, Senior Circuit Judges.

McWILLIAMS, Senior Circuit Judge.

Jose Javier Perez was charged in the first count of a two-count indictment with knowingly possessing on January 11, 1990, 100 grams or more of a mixture containing heroin, a Schedule I controlled substance, with an intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). In a second count Perez was charged with knowingly possessing on January 11, 1990, 500 grams or more of a mixture containing cocaine, a Schedule II controlled substance, with an intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). As to each count Perez was also charged with a violation of 18 U.S.C. § 2(a), which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

Upon trial, a jury convicted Perez on both counts and he was duly sentenced on each conviction. Perez appeals, and he raises one ground for reversal: Did the district court err in excluding the testimony of two witnesses he proposed to call as defense witnesses who would have testified, if allowed, that one Pablo Sanchez told them that the heroin and cocaine here involved "belonged" to him?

Pursuant to a search warrant, the heroin and cocaine here in question were seized on June 16, 1990, in a search of storage unit # 766 at Uptown Security and Storage in Salt Lake City, Utah. Perez had rented storage unit # 766, paying therefor in cash from "a big wad of money." An access card to storage unit # 766 was seized in a search on June 10, 1990, of the home of one Pablo Sanchez, Perez's half-brother. The heroin seized in the search of storage unit # 766 was contained in Kerr jars, and Perez's fingerprints were the only identifiable prints on the Kerr jars. A subsequent search of Perez's residence disclosed Kerr jars similar to the ones found in storage unit # 766.

At trial, Perez proposed to call as defense witnesses Maria Reyes and Frida Ferrara, who, according to counsel's proffer, would testify that Sanchez had told them that the heroin and cocaine found in Perez's storage unit # 766 "belonged" to him. After hearing, the district court excluded the proffered testimony of Reyes and Ferrara that Sanchez had told them that the heroin and cocaine were his. In so doing, the district court stated that there had been an insufficient showing that Sanchez was himself "unavailable" to testify at Perez's trial, and, as an additional ground for excluding the proffered testimony, that there were insufficient "corroborating circumstances" which would "clearly indicate" the truth of Sanchez's declarations.

In reviewing a district court's ruling on the admissibility of hearsay testimony under the exception set forth in Fed.R.Evid. 804(b)(3), our standard of review is whether the district court abused its discretion. *United States v. Porter*, 881 F.2d 878 (10th Cir.), *cert. denied*, 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).

* The Honorable Ruggero J. Aldisert, Senior Judge, U.S. Court of Appeals, Third Circuit, sitting by designation.

Our study of the matter leads us to conclude that the district court did not abuse its discretion in refusing to permit Reyes and Ferrara to testify that Sanchez had told him that the drugs in question belonged to him. Sanchez's unavailability was not really shown. See Rule 804(a). Counsel merely stated that Sanchez's lawyer had indicated to him that if called as a witness in Perez's trial, Sanchez would refuse to testify. Counsel did orally advise the district court that he had subpoenaed Sanchez, and produced a copy of the subpoena, although no return of service was filed.

Further, we also agree with the district court that there was little or no showing of "corroborating circumstances clearly indicating the trustworthiness" of Sanchez's alleged statements concerning ownership of the drugs, as is required by 804(b)(3). For example, the fact that an access card to storage unit # 766 was found in a search of Sanchez's residence does not necessarily mean that Sanchez owned the drugs in question.

In *United States v. Lopez*, 777 F.2d 543 (10th Cir.1985), a case relied on by Perez, we did hold that the district court erred in excluding the exculpatory statement made by a co-defendant to his attorney. However, the "corroborative circumstance" found in that case is not present in the instant case. There the defendant's fingerprints were *not* on certain boxes containing cocaine, whereas the fingerprints of his co-defendant, whose statements the defendant sought to introduce, were. In our case, Sanchez's prints were *not* on the Kerr jars, but Perez's prints were.

Rule 804(b)(3) concerns a statement tending to expose the declarant to criminal liability and "offered to exculpate the accused...." In this connection, we note that although Sanchez's statement that the drugs here involved "belonged" to him might well tend to incriminate him, such statement, however, would not necessarily "exculpate" Perez. Perez was charged with the possession of heroin and cocaine, or with aiding and abetting in such possession. He was not charged with legal ownership thereof, and legal ownership did not have to be proven by the prosecution. The drugs may indeed have "belonged" to Sanchez, and at the same time been in Perez's possession. After all, they were seized in a search of Perez's storage unit, and the Kerr jars containing the heroin bore only his fingerprints. Certainly, at the very least, Perez was, in the language of 18 U.S.C. § 2, "aiding and abetting" the unlawful possession. In any event, since the proffered, but refused, testimony did not tend to exculpate Perez from the crimes with which he was charged, any possible error was necessarily harmless.

Judgment affirmed.