986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Isidro AISPURO-ANGULO, Defendant-Appellant.
 No. 92-2105.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1993.
 
 Before McKAY, Chief Judge, and JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Isidro Aispuro-Angulo appeals his conviction in the United States District Court for the District of New Mexico of possession with intent to distribute more than 500 grams of cocaine. On appeal, the defendant asserts the district court erred in refusing to admit out-of-court statements under Federal Rule of Evidence 804(b)(3). We affirm.
 
 
 2
 The defendant was a passenger in a car traveling on an interstate highway in New Mexico on November 22, 1991. Two border patrol agents stopped the car and requested to see the occupants' identification documents. The agents immediately recognized the defendant's resident alien card as counterfeit and arrested him. The defendant's wife, also a passenger in the car along with her baby, admitted she was an undocumented alien. While arresting her, one of the agents asked if she wanted to bring any of the baby's belongings with her. She requested some clothing from the trunk. The agent opened the trunk, and she pointed to two diaper bags and a knotted bundle of clothes. As the agent removed the bundle, he noticed it was unusually heavy. He untied the bundle and discovered a brick of cocaine wrapped inside the clothes. The agents then arrested the driver, Mr. Mejia-Gonzales. After driving the car to the DEA office, agents discovered another brick of cocaine wrapped in a pair of the defendant's pants in the trunk.
 
 
 3
 During his arrest, the defendant told one of the agents he was delivering the cocaine from California to Albuquerque. In Albuquerque, he would make a telephone call, and someone would meet him, take the cocaine, and pay him for the delivery. However, because he was afraid for his family, he refused to identify the people to whom he was delivering the cocaine.
 
 
 4
 When the agent questioned Mr. Mejia-Gonzales, he admitted he borrowed the vehicle and knew he was transporting some type of contraband, although he was not sure exactly what was in the car. Both agents observed Mr. Mejia-Gonzales acting agitated and nervous throughout the stop.
 
 
 5
 A federal grand jury returned an indictment against the defendant and Mr. Mejia-Gonzales. After his release on bail, Mr. Mejia-Gonzales fled the jurisdiction and did not stand trial. Prior to the trial, the defendant filed a request for a ruling on the admissibility of out-of-court statements of Mr. Mejia-Gonzales. The defendant claimed Mr. Mejia-Gonzales, after his release from jail, made a collect call to Corrine Martinez.[1] During their conversation, Mr. Mejia-Gonzales allegedly told her the cocaine in the car was his and, at the time of the stop, he had "warned [the defendant] that it would be dangerous for [the defendant] to implicate him."
 
 
 6
 The defendant sought to admit these statements under Fed.R.Evid. 804(b)(3). The court found the statements inadmissible. However, at the defendant's request, the court informed the jury Mr. Mejia-Gonzales was a fugitive.
 
 
 7
 The defendant testified he and Mr. Mejia-Gonzales had been friends for two years. In fact, during the three months prior to their arrests, Mr. Mejia-Gonzales lived with the defendant and his family. According to the defendant, Mr. Mejia-Gonzales proposed taking a trip to Albuquerque and "was very insistent that [the defendant] come with him." When they were leaving for the trip, Mr. Mejia-Gonzales said he was putting something in the defendant's clothing because it would not fit in his bag. The defendant testified he did not know what it was. Although the defendant admitted making the statements concerning the cocaine delivery to the agent, he contended he fabricated this story because Mr. Mejia-Gonzales had threatened his family with harm.
 
 
 8
 We may not reverse a district court's ruling on the admissibility of testimony under Fed.R.Evid. 804(b)(3) absent an abuse of discretion. United States v. Porter, 881 F.2d 878, 882 (10th Cir.) (quoting United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988)), cert. denied, 493 U.S. 944 (1989); see United States v. Perez, 963 F.2d 314, 315 (10th Cir.1992). "The need for deference to a trial court ruling on a hearsay objection is particularly great because the determination of whether certain evidence is hearsay rests heavily upon the facts of a particular case." United States v. Rodriguez-Pando, 841 F.2d 1014, 1018 (10th Cir.1988).
 
 
 9
 A defendant who seeks to admit hearsay evidence under rule 804(b)(3)[2] to exculpate himself must show: "(1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to indicate the trustworthiness of the statement." Porter, 881 F.2d at 882. Here, the defendant sought to introduce as exculpatory evidence Mr. Mejia-Gonzales' statements to Corrine Martinez that the drugs in the car were his, and "he warned [the defendant] that it would be dangerous for [the defendant] to implicate him." Because Mr. Mejia-Gonzales was a fugitive at the time of the trial, he was clearly unavailable. See Fed.R.Evid. 804(a)(5) (a declarant is unavailable if he or she is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means"); United States v. Lopez, 777 F.2d 543, 554 (10th Cir.1985).
 
 
 10
 To meet the second requirement for admission under Fed.R.Evid. 804(b)(3), "the statement must so clearly implicate the declarant that a reasonable person 'would not have made the statement unless he believed it to be true.' " United States v. Chalan, 812 F.2d 1302, 1310-11 n. 1 (10th Cir.1987) (quoting Fed.R.Evid. 804(b)(3)).
 
 
 11
 The government argues the statements were not against Mr. Mejia-Gonzales' penal interest. Because he intended to flee at the time he made the statements, the government asserts, he did not believe these statements would affect his penal interest and, thus, might have made false inculpatory statements. We disagree.
 
 
 12
 Mr. Mejia-Gonazles' statements tend to implicate him in a drug transaction and to expose him to criminal liability. See United States v. Taggart, 944 F.2d 837, 840 (11th Cir.1991) (statement was against declarant's penal interest because it implicated him in marijuana transaction). Although Mr. Mejia-Gonzales may not have anticipated standing trial at the time he spoke to Corrine Martinez, the possibility existed that adverse consequences would result from his statements. Because the statements potentially may be used to convict Mr. Mejia-Gonzales, they are sufficiently against his penal interest. See United States v. Scopo, 861 F.2d 339, 348 (2d Cir.1988) (statement was against interest because it exposed declarant to criminal liability, although declarant was terminally ill at time he made statement), cert. denied, 490 U.S. 1048 (1989). "We do not think that a reasonable man would falsely admit the commission of a serious crime ..., knowing that there was a chance, even if slight, that this admission could be used to convict him and subject him to such severe penalties." United States v. Bagley, 537 F.2d 162, 165 (5th Cir.1976), cert. denied, 429 U.S. 1075 (1977).
 
 
 13
 The rule also requires "corroborating circumstances clearly indicat[ing] the trustworthiness of the statement" against interest. Fed.R.Evid. 804(b)(3). To satisfy this third requirement, the defendant relies on four facts: (1) Mr. Mejia-Gonzales truthfully told Corrine Martinez he intended to flee; (2) both border patrol agents testified Mr. Mejia-Gonzales appeared nervous during the stop; (3) one agent testified Mr. Mejia-Gonzales admitted he borrowed the car for the trip and knew the cocaine was in the car; and (4) the defendant testified he did not put the cocaine in the car, and Mr. Mejia-Gonzales threatened him. "The determination of the sufficiency of such corroborating evidence 'lies within the sound discretion of the trial court, which is aptly situated to weigh the reliability of the circumstances surrounding the declaration.' " Porter, 881 F.2d at 883 (quoting United States v. Guillette, 547 F.2d 743, 754 (2d Cir.1976), cert. denied, 434 U.S. 839 (1977)).
 
 
 14
 We can see no abuse of discretion in the district court's ruling. First, the statements were made to one of the defendant's relatives, thus imbuing them with a clear bias. Second, Mr. Mejia-Gonzales' nervousness during the stop and his statements to the border patrol agent are not inconsistent with the defendant's ownership of the cocaine. On the contrary, the defendant's statement to the agent coupled with the fact his pants were wrapped around one brick of cocaine strongly militate against Mr. Mejia-Gonzales' ownership of the cocaine.[3] In light of the close relationship between the defendant and Mr. Mejia-Gonzales and the lack of evidence supporting Mr. Mejia-Gonzales' statement the drugs were his, the defendant did not show corroborating circumstances clearly indicating the trustworthiness of the statements. See Porter, 881 F.2d at 878. Thus, based on the entire record, we conclude the trial court did not abuse its discretion in refusing to admit the statements under Fed.R.Evid. 804(b)(3).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Corrine Martinez is the defendant's wife's stepmother. Mr. Mejia-Gonzales stayed in her home after his release from jail
 
 
 [2]
 Federal Rule of Evidence 804 provides:
 (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 ....
 (3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
 
 
 [3]
 This case certainly lacks the corroborating circumstances found in United States v. Lopez where we reversed the trial court's ruling of inadmissibility. 777 F.2d 543, 554 (10th Cir.1985). In Lopez, the declarant stated the accused did not participate in the crime. A fingerprint expert's testimony that the declarant's fingerprints, and not the defendant's, were on the boxes of cocaine, corroborated the declarant's statement. Id.; see United States v. Perez, 963 F.2d 314, 316 (10th Cir.1992) (affirming district court's ruling of inadmissibility; corroborative circumstance of Lopez not present in this case where defendant's, and not declarant's, prints found on jars of heroin and cocaine)