67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Javier PEREZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-4028.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff-appellant Jose Javier Perez, an inmate appearing pro se and in forma pauperis, appeals from the district court's denial of his 28 U.S.C. 2255 motion. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 Mr. Perez was convicted of two counts of possession with intent to distribute narcotics and sentenced to 110 months in prison. The Tenth Circuit affirmed his conviction and sentence. United States v. Perez, 963 F.2d 314 (10th Cir.1992). In 1994, Mr. Perez filed a motion for correction of his sentence pursuant to 28 U.S.C. 2255. In his motion, Mr. Perez claimed that (i) the district court erred in assigning his drug offense a base offense level of 30 rather than 26, see U.S.S.G. 2D1.1(c)(7) (1989), (ii) he was denied effective assistance of counsel due to counsel's failure to object to the calculation of the allegedly incorrect base offense level, and (iii) the Violent Crime Control and Law Enforcement Act of 1994 retroactively applies to favorably affect his sentence.
 
 
 3
 We apply the clearly erroneous standard to review findings of fact, while questions of law and mixed questions of law and fact are reviewed de novo. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir.1995). The district court instructed the United States Probation Office to recalculate the aggregate amount of drugs upon which Mr. Perez' sentence was predicated. The finding of the district court, based on these calculations, is not clearly erroneous.
 
 
 4
 A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Id. at 1523. To show ineffective assistance of counsel, Mr. Perez must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Mr. Perez. Id. (quoting Strickland v. Washington, 466 U.S. 668 (1984)). The failure of Mr. Perez' counsel to object to the accurate and reasonable calculation by the district court of Mr. Perez' base offense level does not constitute ineffective assistance of counsel.
 
 
 5
 The Violent Crime Control and Enforcement Act of 1994 (VCCEA), 18 U.S.C. 3553(f), provides relief from the mandatory sentencing minimum for defendants who meet specified criteria. However, the VCCEA applies only prospectively "to all sentences imposed on or after the 10th day beginning after the date of enactment of this act." Pub.L. No. 103-322, 80001(c), 108 Stat.1986 (1994) (codified at 18 U.S.C. 3553(f)). See United States v. Rodriguez-Lopez, No. 94-50404, 1995 WL 494248 at * 1 (9th Cir. Aug. 21, 1995). President Clinton signed the VCCEA into law on September 13, 1994, making its effective date September 23, 1994. Mr. Perez' sentence was imposed before the effective date of the VCCEA and therefore is not affected by it.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument