## UNITED STATES COURT OF APPEALS
### Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J. Fisher, Jr.                                    Elisabeth A. Shumaker
Clerk                                                     Chief Deputy Clerk

September 25, 1996


**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER & JUDGMENT

**RE:** 95-2239 USA v. Pohlman
      September 23, 1996 by The Honorable Deanell Reece Tacha


        Please be advised of the following correction to the captioned decision:

        Due to technical problems, the last line of page one reappears at the top of page two.

        Please make the appropriate corrections.

                                Very truly yours,

                                Patrick Fisher, Clerk



                                Beth Morris
                                Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BELINDA POHLMAN,

Defendant - Appellant.

No. 95-2239
(D. N. Mex.)
(D.Ct. No. CR-93-622-HB)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRORBY, Circuit Judges.

A jury convicted Belinda Pohlman of one count of possession with intent to distribute more than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). The Honorable Howard Bratton entered judgment and sentenced Pohlman to fifty-one months imprisonment and a three-year term of supervised release.

Pohlman now appeals her conviction on three grounds. First, she claims that there was insufficient evidence to support the jury's conclusion that she had

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the requisite intent to distribute marijuana.  Second, Pohlman contends that the trial court erred in refusing to admit hearsay evidence tending to exculpate her and inculpate the declarant.  Third, she argues that the trial court erred in denying her motion for a new trial based on newly discovered evidence.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291.  For the reasons set forth below, we affirm the conviction.

## BACKGROUND

In 1993, Pohlman and her boyfriend, Eduardo Acosta, traveled from their home in Las Vegas, Nevada, to El Paso, Texas.  During their visit, Pohlman and Acosta made two trips to Santa Fe, New Mexico.  On their journey, they passed through a United States Border Patrol checkpoint located in Truth or Consequences, New Mexico.

When Pohlman later visited El Paso, Acosta's brother, Joel, asked Pohlman to help deliver a recently purchased vehicle to a relative in Albuquerque, New Mexico.  Pohlman agreed that she and her daughter, Brianna, would follow Joel and another relative, Javier Guerrero, in a separate car. After dropping the car off in Albuquerque, the four would return to El Paso in the other car.

On the way to Albuquerque, Pohlman and Brianna entered the Truth or Consequences checkpoint.   The agent on duty, Robert Johnson, recognized Pohlman as a frequent traveler, and thus engaged her in a brief conversation.  In

talking with Pohlman, Agent Johnson noticed that she was extremely nervous. Johnson testified that in addition to her "darting eyes" and "trembling lips," Pohlman avoided looking at the agent and spoke very rapidly. When Johnson asked her what she had in the trunk, she replied that she had "just our clothes . . . you want to look?" When Johnson responded affirmatively, Pohlman attempted to open the trunk. She had a difficultly putting the key in the lock because her hands were shaking badly.

When Pohlman finally opened the trunk, the only visible items were her suitcases and some loose clothing. Because of Pohlman's behavior, however, Johnson asked and received her consent to search the vehicle using a drug-sniffing dog. The dog indicated that drugs were hidden in the trunk of the car. A subsequent search revealed 210 pounds of marijuana located beneath the clothing and suitcases.

Pohlman denied any knowledge of the presence of the marijuana. She alleged that her boyfriend, Acosta, had duped her into hauling the marijuana without her knowledge.

In support of her defense, Pohlman sought to admit several hearsay statements alleged to have been made by Acosta as statements against penal interest pursuant to Fed. R. Evid. 804(b)(3). The trial court refused to admit the evidence, finding that Pohlman had failed to demonstrate substantial

corroborating circumstances which would indicate the trustworthiness of the statements. Defense counsel then proffered that Dolores Guerrero, Acosta's mother, would have testified that her son had told her that he was "responsible" for the marijuana and that he wanted to "turn himself in." Defense counsel also proffered that Robert Anchando, Pohlman's previous defense counsel, would have testified that Acosta had been to his office on a number of past occasions to tell him that "it was my load . . . I want to turn myself in . . can you set that up for me?" Defense counsel proffered the testimony of Kathy Lewis, Jesus Guerrero, and Betsy Coalee, who would have testified in a similar fashion.

At the close of the evidence, the jury returned a verdict of guilty. Prior to sentencing, Pohlman filed a motion for a new trial based on a claim of newly discovered evidence. According to the motion, on the previous day, Acosta had telephoned Pohlman's defense counsel and told him that he wanted to swear out an affidavit stating that he had duped Pohlman into transporting the marijuana past the checkpoint. He stated that he made a point of keeping the contraband a secret from Pohlman. In accordance with his request, Acosta personally appeared at defense counsel's office, swore out the affidavit, and permitted defense counsel to video-tape his confession. The trial court, however, ultimately denied Pohlman's motion for a new trial based on this newly discovered evidence.

**DISCUSSION**

## I.    Sufficiency of the Evidence

The first issue Pohlman raises on appeal is whether the evidence presented at trial was sufficient to support the jury verdict.  The standard to determine sufficiency of the evidence is whether enough evidence was presented at trial for a reasonable juror to find the defendant guilty beyond a reasonable doubt. United States v. Grimes, 967 F.2d 1468, 1472 (10th Cir.), cert. denied, 113 S. Ct. 355 (1992).  We review the evidence and reasonable inferences drawn therefrom in a light most favorable to the government.  United States v. Hanson, 41 F.3d 580, 582 (10th Cir. 1994).  To overturn a jury's conclusion of fact, we must find that no reasonable juror could have reached the disputed verdict.  Thus, we must make a de novo review of the record to determine whether sufficient evidence supported the defendant's conviction.  United States v. Chavez-Palacios, 30 F.3d 1290, 1294 (10th Cir. 1994).

In order to convict Pohlman on the drug charge, the jury had to find that she knowingly possessed a controlled substance and that she intended to distribute that substance.  United States v. Johnson, 57 F.3d 968, 971 (10th Cir. 1995). Pohlman asserts that knowledge of the contraband cannot be inferred from mere control of a vehicle when the contraband is discovered in hidden compartments within the vehicle.

We conclude that there was sufficient evidence to support the jury's

determination that Pohlman knowingly possessed the marijuana hidden in the car. The jury could have reasonably inferred that she had knowledge based on a combination of Pohlman's repeated trips through the Truth or Consequences checkpoint to learn the practices and procedures of the checkpoint, her use of Brianna as a smokescreen to divert the agents' suspicions of her as a marijuana courier, her nervousness and agitation when stopped at the checkpoint, and her possession of over $150,000 worth of merchandise. Moreover, we have previously found it "permissible to infer that the driver of a vehicle has knowledge of the contraband within it." United States v. Levario, 877 F.2d 1483, 1485-86 (10th Cir. 1989).

Sufficient evidence also existed to show that Defendant had the intent to distribute the marijuana she possessed. This circuit has recognized that an intent to distribute drugs can be inferred from the possession of a large quantity of a controlled substance. See United States v. Powell, 982 F.2d 1422, 1430 (10th Cir. 1992), cert. denied, 508 U.S. 917 (1993). The fact that Pohlman possessed over two hundred pounds of marijuana supports that inference. In sum, we find that sufficient evidence existed to support Pohlman's conviction.

## II. Acosta's Hearsay Statements

We review the district court's ruling on the admissibility of hearsay testimony under the exception set forth in Fed. R. Evid. 804(b)(3) for an abuse of

discretion. United States v. Elkins, 70 F.3d 81, 82-83 (10th Cir. 1995). "[T]he need for deference to a trial court ruling on a hearsay objection is particularly great because the determination of whether certain evidence is hearsay rests heavily upon the facts of a particular case." United States v. Rodriquez-Pando, 841 F.2d 1014, 1018 (10th Cir. 1988).

An out-of-court statement against interest is admissible hearsay to the extent that it:

> so far tended to subject the declarant to civil or criminal liability, . . . [such] that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Fed. R. Evid. 804(b)(3). Thus, a defendant seeking to admit hearsay evidence under Rule 804(b)(3) to exculpate himself must show:"(1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to indicate the trustworthiness of the statement. United States v. Porter, 881 F.2d 878, 882 (10th Cir.), cert. denied, 493 U.S. 944 (1989).

The trial court did not abuse its discretion in refusing to admit Acosta's statements because they lacked corroboration to support their trustworthiness. "The determination of the sufficiency of such corroborating evidence 'lies within the sound discretion of the trial court, which is aptly situated to weigh the reliability of the circumstances surrounding the declaration.'" Porter, 881 F.2d at

- 8 -

883 (quoting United States v. Guillette, 547 F.2d 743, 754 (2d Cir. 1976), cert. denied, 434 U.S. 839 (1977)).  No other witness, such as Javier Guerrero or Joel Acosta, testified that Pohlman had no knowledge of the marijuana.  The fact that Acosta was the boyfriend of Pohlman provides a reason to help her by fabricating a story that he was "responsible" for the marijuana, especially if he could exonerate her without ever having to come to court to do it.

In addition to having insufficient corroboration, Acosta's statements do not necessarily "exculpate the accused" as required by Rule 804(b)(3).  We confronted this issue in a similar context in United States v. Perez, 963 F.2d 314 (10th Cir. 1992).  In that case, a jury convicted Perez of knowingly possessing a controlled substance with intent to distribute it.  Id. at 315.  At trial, the defendant sought to introduce the testimony of two witnesses who would testify that Perez's half-brother had said the drugs "belonged" to him, not Perez.  Id.  In affirming the trial court's refusal to admit the testimony, we stated:

> Rule 804(b)(3) concerns a statement tending to expose the declarant to criminal liability and "offered to exculpate the accused. . . ."  In this connection, we note that although Sanchez's statement that the drugs here involved "belonged" to him might tend to incriminate him, such statement, however, would not necessarily "exculpate" Perez.  Perez was charged with the possession of heroin and cocaine. . . . He was not charged with legal ownership thereof, and legal ownership did not have to be proven by the prosecution.  The drugs may indeed have "belonged" to Sanchez, and at the same time been in Perez's possession.

Id. at 316.  As in Perez, Acosta may well have been "responsible" for the drugs,

but that does not affect whether Pohlman had knowing possession of them. Compare United States v. Lopez, 777 F.2d 543, 553 (10th Cir. 1985) (holding that a co-defendant's statement that the defendant did not know about the presence of the co-defendant's drugs was a statement against his penal interest). In sum, we find that the trial court did not abuse its discretion in refusing to admit Acosta's statements.

## III. New Trial

"On appeal, we review a district court's denial of a motion for a new trial for an abuse of discretion." United States v. Edgmon, 952 F.2d 1206, 1211 (10th Cir. 1991), cert. denied, 505 U.S. 1223 (1992). This court has consistently held that motions for new trial based on newly discovered evidence are regarded with disfavor and are granted only with great caution. United States v. Youngpeter, 986 F.2d 349, 356 (10th Cir. 1993).

Rule 33 of the Federal Rules of Criminal Procedure provides that a court may grant a new trial "if required in the interests of justice." To warrant a new trial, newly discovered evidence must be: (1) more than impeaching or cumulative evidence; (2) material to the issues involved; (3) evidence that would probably produce an acquittal; and (4) the type that, with reasonable diligence, could not have been discovered and produced at trial. United States v. Sutton, 767 F.2d 726, 728 (10th Cir. 1985).

Pohlman moved for a new trial based on Acosta's affidavit and videotape claiming responsibility for the marijuana found in the vehicle driven by Pohlman at the time of her arrest. The trial court, however, ruled that the information was not "newly discovered" because Pohlman was aware of the information prior to trial. The trial court also held that the evidence was cumulative because Pohlman testified to the same facts herself at trial. Moreover, the district judge found that Acosta's proposed testimony was unlikely to override the strong evidence of Pohlman's guilt and produce an acquittal.

We hold that the trial court did not abuse its discretion in denying Pohlman a new trial because the evidence was not "newly discovered" within the meaning of Rule 33. In United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.), cert. denied, 115 S. Ct. 175 (1994), we stated:

> If a former codefendant who originally chose not to testify subsequently comes forward and offers testimony exculpating a defendant, the evidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial. See United States v. DiBernardo, 880 F.2d 1216, 1224-25 (11th Cir. 1989) (newly available exculpatory testimony of codefendant not newly discovered because known to defendant before trial); United States v. Metz, 652 F.2d 478, 480 (5th Cir. 1981) (same).
> In this case, Mr. Sevart's trial testimony is not newly discovered evidence. The substance of his testimony was known to defendant's counsel prior to trial and was produced at trial. Therefore, Defendant has failed to establish any newly discovered evidence.

In the same manner that Sevart's testimony was not "newly discovered," we hold

that the trial court did not err in concluding that Acosta's testimony was known to Pohlman and her counsel prior to trial. We also agree that the testimony was cumulative because she testified to the same facts at trial.

In sum, we hold that sufficient evidence existed to support the jury verdict convicting Pohlman of possession with intent to distribute marijuana. We also find that the trial court did not abuse its discretion in refusing to admit Acosta's statements under the statement against penal interest exception. Finally, we conclude that the trial court did not err in denying Pohlman a new trial based on newly discovered evidence. Accordingly, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge