**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ina Y. HANSON, Defendant–Appellant.**

No. 93–8133.

United States Court of Appeals, Tenth Circuit.

Nov. 21, 1994.

---

Gay Woodhouse, Asst. U.S. Atty., Cheyenne, WY (David D. Freudenthal, U.S. Atty., with her on the brief), for plaintiff-appellee.

James H. Barrett, Branch Chief, Asst. Federal Defender, Cheyenne, WY, for defendant-appellant Ina Y. Hanson.

Before KELLY, McKAY, and REAVLEY,[†] Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Ina Y. Hanson appeals from her convictions for conspiracy to commit mail and wire fraud, 18 U.S.C. § 371; mail and wire fraud, 18 U.S.C. §§ 1341, 1343, and 2; and interstate transportation of money obtained by fraud, 18 U.S.C. §§ 2314 and 2. Our jurisdiction arises under 28 U.S.C. § 1291 and we reverse.

*Background*

Seeking to expand the range of services offered by her investment company, Hanson Financial Services (HFS), Ms. Hanson hired Paul Nelson, a licensed securities broker.. In exchange for a 29% interest in HFS, Nelson promised to find investors who would invest directly in HFS and thereby provide expansion capital. Based on his representations, Nelson procured three investors who invested $20,000 each. Not all of the representations made by Nelson were true. The investors were given promissory notes, with interest payable quarterly. Nelson left HFS within a year, HFS defaulted on the notes, and Ms. Hanson declared bankruptcy shortly thereafter.

At trial, the government attempted to prove that Nelson, with Ms. Hanson's knowledge and participation, lured the investors through misrepresentations, and that Ms. Hanson had never intended to use the investment capital to expand HFS, but rather to fund expenses of a personal nature. Mr. Nelson entered into a plea agreement with the government and testified for the government. A jury found Ms. Hanson guilty of eight of the nine counts charged in the indictment.

[†] **The Honorable Thomas M.** Reavley, Senior United States Circuit Judge for the United States Court of Appeals–Fifth Circuit, sitting by designation.

On appeal, Ms. Hanson argues that the evidence presented at trial was insufficient to support the convictions, that the district court allowed the jury to consider improper evidence, and that the district court wrongly enhanced her sentence. Because we find the sufficiency of the evidence argument dispositive, we need not address the other issues.

*Discussion*

Ms. Hanson challenges the sufficiency of the evidence used to convict her. We review the evidence, both direct and circumstantial, in the light most favorable to the government to determine whether, together with reasonable inferences therefrom, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Migliaccio,* 34 F.3d 1517, 1521 (10th Cir.1994); *United States v. Zimmerman,* 943 F.2d 1204, 1208–09 (10th Cir.1991). Although this standard of review is deferential, we may not uphold a conviction obtained by " ' "piling inference upon inference." ' " *United States v. Fox,* 902 F.2d 1508, 1513 (10th Cir.), *cert. denied,* 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990) (quoting *United States v. Butler,* 494 F.2d 1246, 1252 (10th Cir.1974) (quoting *Direct Sales Co. v. United States,* 319 U.S. 703, 711, 63 S.Ct. 1265, 1269, 87 L.Ed. 1674 (1943))).

A. Conspiracy

■ To establish a conspiracy under § 371, the government must prove: (1) the existence of an agreement; (2) to break the law; (3) an overt act; (4) in furtherance of the conspiracy's object; and (5) that a defendant willfully entered the conspiracy. *United States v. Davis,* 965 F.2d 804, 811–12 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1255, 122 L.Ed.2d 653 (1993); *United States v. Nall,* 949 F.2d 301, 305 (10th Cir. 1991). While all five of these elements must be present, the essence of any conspiracy is "the agreement or confederation to commit a crime." *United States v. Bayer,* 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654 (1947); *United States v. Hill,* 971 F.2d 1461, 1463 (10th Cir.1992). In the present case,

the government has failed to show the existence of any agreement, much less evidence of such an agreement beyond a reasonable doubt. Even Mr. Nelson, the alleged coconspirator, could not identify any agreement or understanding with Ms. Hanson to defraud investors.

Without such direct proof, the government must offer circumstantial evidence from which a reasonable jury could infer an agreement. *See Migliaccio,* at 1521. The government's proof that Nelson worked for Ms. Hanson, that Ms. Hanson wished to expand HFS, and that Nelson was successful in attracting investors to what ultimately turned out to be a poor investment, simply does not constitute circumstantial proof of a conspiracy. This evidence is susceptible of different interpretations: that Nelson overestimated HFS's business prospects; or that Nelson knowingly misrepresented these business prospects to investors. It is not, however, sufficient to establish beyond a reasonable doubt an agreement between Ms. Hanson and Mr. Nelson to defraud investors. Business failure may not automatically be equated with a conspiracy to defraud.

B. Aiding and Abetting

■ Four counts charged Ms. Hanson with aiding and abetting Nelson in the defrauding of investors. Aiding and abetting liability under 18 U.S.C. § 2 requires: (1) that the defendant associated herself with a criminal venture; (2) that the defendant participated in the venture as something she wished to bring about; (3) that she sought by her actions to make it succeed; and, lastly, (4) that the proof establishes the commission of the offense by someone and the aiding and abetting by the defendant so charged. *United States v. Yost,* 24 F.3d 99, 104 (10th Cir.1994) (quoting *United States v. Langston,* 970 F.2d 692, 705 (10th Cir.), *cert. denied,* —— U.S. ——, ——, ——, ——, 113 S.Ct. 439, 113 S.Ct. 479, 113 S.Ct. 495, 113 S.Ct. 1872, 121 L.Ed.2d 358, 384, 433, 491 (1992)). A defendant may not stumble into aiding and abetting liability by inadvertently helping another in a criminal scheme unknown to the defendant; rather, a defendant must "willfully associate [herself] with the

criminal venture and seek to make it succeed through some action on [her] part." *United States v. DeLuna,* 10 F.3d 1529, 1533–34 (10th Cir.1993) (quoting *United States v. Esparsen,* 930 F.2d 1461, 1470 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992)).

■ Here, no evidence indicates that Ms. Hanson knew what Mr. Nelson was about or intended to aid and abet Nelson in a scheme to defraud investors. While it is true that Ms. Hanson's finances were not necessarily in sterling condition at the time of her association with Nelson, more than a suggested motive is necessary for a finding of guilt. While Ms. Hanson willfully associated herself with Nelson by hiring him, no evidence has been adduced to prove that she knew of any fraudulent scheme on his part or that she intended to help him in the execution of such a scheme. Nor is there any evidence that Ms. Hanson knowingly sought by her actions to aid and abet any fraud perpetrated by Nelson against HFS investors. Based on the evidence proffered at trial, no rational trier of fact could have found the Defendant guilty of aiding and abetting beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

### C. Mail Fraud

■ After a review of the trial record, we find that the conviction on the mail fraud count suffers from the same malady as all the other counts against Ms. Hanson; a complete lack of evidence. To obtain a conviction under 18 U.S.C. § 1341, the government must prove the existence of a scheme to defraud and the mailing of a letter or other relevant item for the purpose of furthering the scheme. *Pereira v. United States,* 347 U.S. 1, 8, 74 S.Ct. 358, 367–68, 98 L.Ed. 435 (1954); *United States v. Reddeck,* 22 F.3d 1504, 1507 (10th Cir.1994); *United States v. Mann,* 884 F.2d 532, 535 (10th Cir.1989). "A 'scheme or artifice to defraud' 'connotes a plan or pattern of conduct which is intended to or is reasonably calculated to deceive persons of ordinary prudence and comprehension.'" *Mann,* 884 F.2d at 535 (quoting *United States v. Washita Constr. Co.,* 789 F.2d 809, 817 (10th Cir.1986)). A schemer's

indifference to the truth of her statements may constitute fraudulent intent, "[a]nd even though a defendant may firmly believe in [her] plan, [her] belief will not justify baseless or reckless representations." *Reddeck,* 22 F.3d at 1507 (quoting *United States v. Themy,* 624 F.2d 963, 965 (10th Cir.1980)).

■ The mail fraud count at issue arises from the mailing of one of the promissory notes evidencing a $20,000 investment in HFS. As with the other counts, there is simply no indication in the trial record that Ms. Hanson intended to deceive the recipient and that the mailing of the promissory note was for the purpose of furthering a scheme to defraud. Nor does this mailing constitute the sort of baseless representation from which fraudulent intent may be inferred.

### D. Wire Fraud

■ Two counts charge Ms. Hanson with the commission of wire fraud in connection with HFS investors. Two elements comprise the crime of wire fraud under 18 U.S.C. § 1341: (1) a scheme or artifice to defraud; and (2) use of interstate wire communication to facilitate that scheme. *United States v. Drake,* 932 F.2d 861, 863 (10th Cir.1991); *United States v. Lord,* 907 F.2d 1028, 1029 (10th Cir.1990). As noted previously, a scheme to defraud is conduct intended or reasonably calculated to deceive persons of ordinary prudence or comprehension. *Washita Constr. Co.,* 789 F.2d at 817.

■ Once again, there is simply no evidence in the record to show that Ms. Hanson possessed the requisite intent to commit this fraud. Moreover, the trial record is woefully inadequate regarding evidence of use of the wires to facilitate fraud, as the witnesses who testified could recount neither the content of nor the parties to the telephone calls at issue. Relying upon *United States v. Sanders,* the government argues that this lack of testimony regarding the content of the charged calls is not fatal. *See* 893 F.2d 133, 138–39 (7th Cir.), *cert. denied,* 496 U.S. 907, 110 S.Ct. 2591, 110 L.Ed.2d 272 (1990). The government misreads this case. In *Sanders,* actual evidence was presented about a pattern of calls and their content, as well as testimony

specifically relating the subject matter of several relevant calls. *Id.* With respect to two of the later calls "the exact contents" could not be recalled. *Id.* at 139. Here, no such pattern of calls or substantive testimony was elicited such that a jury could reasonably infer the content of any of the calls. We have no idea who placed the calls or what they were about. No reasonable trier of fact could find that these phone calls of unknown relevance facilitated a scheme to defraud.

In sum, we find the evidence insufficient to uphold Ms. Hanson's conviction on any of the counts for which she was found guilty. To convict a party of serious criminal charges we demand at least .some evidence of each element of each crime charged. Simply put, "there is no there there."[1] Accordingly, we reverse the judgment of conviction on all counts.

REVERSED.

---

1. Gertrude Stein, *Everybody's Autobiography*    (1937).