PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUSTUS CORNELIUS ROSEMOND,

      Defendant - Appellant.

No. 11-4046

---

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:07-CR-00886-DAK-1)**

---

Robert J. Gorence of Gorence & Oliveros, P.C., Albuquerque, New Mexico, for
Defendant-Appellant.

Dave Backman, Assistant United States Attorney (Carlie Christensen, United States
Attorney, with him on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **KELLY, BALDOCK,** and **EBEL,** Circuit Judges.

---

**EBEL**, Circuit Judge.

---

    Defendant-Appellant Justus Rosemond appeals his conviction for using a firearm

during a federal drug-trafficking offense. The United States charged Rosemond with that

offense under alternate theories, alleging that he was the principal (i.e., the person who fired a gun during a drug transaction) and, alternatively, that he aided and abetted a cohort who fired the weapon. Having jurisdiction under 28 U.S.C. § 1291, we conclude that the trial court properly instructed the jury on these alternate theories and that there was sufficient evidence to support the jury's guilty verdict. We, therefore, affirm Rosemond's conviction.

## I. BACKGROUND

Viewed in the light most favorable to the Government, see United States v. Burks, 678 F.3d 1190, 1197 (10th Cir. 2012), the evidence at trial established the following: Vashti Perez brokered a deal for the sale of one pound of marijuana. The deal was to occur in a park in Tooele, Utah. The sellers were two males from out-of-town, Defendant Justus Rosemond and his cohort, Ronald Joseph. Joseph was the nephew of Perez's boyfriend. The buyer was a local Tooele resident, Ricardo Gonzales.

Just before 9:00 p.m. on August 26, 2007, Perez drove Rosemond and Joseph to the park, where they met Gonzales. Gonzales was accompanied by Cory Painter. Gonzales got into Perez's car with Perez, Rosemond, and Joseph, while Painter waited nearby, but outside the car.

Although Gonzales told Perez that he was interested in buying the marijuana, he actually did not have enough money to do so. Instead, he planned to steal the drugs. At some point during the transaction, then, Gonzales punched Rosemond in the face, grabbed the marijuana and ran from Perez's car. Painter, who was aware of Gonzales' plan, also ran, but in the opposite direction from Gonzales. The occupants of the car

2

jumped out and one of them pulled out a nine-millimeter handgun and fired nine or ten shots at the fleeing Gonzales.

Gonzales and Painter got away. Perez, with Rosemond and Joseph, gave chase in the car. Their chase was soon thwarted, however, when a state trooper stopped them because their vehicle matched the description of the car involved in the shooting, which bystanders had reported to police. With Perez's consent, the trooper searched her car but, finding no weapon, eventually let the three go. According to Joseph, the trooper did not find the gun because Rosemond had hidden it under the back seat of Perez's car.

At trial, every witness but one testified that they did not know who shot at Gonzales. Onlookers, as well as Gonzales and Painter, testified only that someone from the car fired the shots. Perez testified that it was either Joseph or Rosemond. But Perez had given police a written statement a few days after the incident, identifying Rosemond as the shooter. And Joseph testified at trial that Rosemond was the shooter.

The United States charged Rosemond with four offenses: 1) possession of marijuana, with the intent to distribute; 2) using and discharging a firearm during a federal drug-trafficking offense; 3) being a previously convicted felon in possession of ammunition; and 4) being an alien unlawfully in the United States in possession of ammunition. The jury convicted Rosemond of all four offenses. The district court sentenced Rosemond to forty-eight months in prison on Counts I, III, and IV, to run concurrently, and 120 months on Count II, to run consecutively to the other sentences, for

a total of 168 months in prison.[1]  On appeal, Rosemond challenges only his conviction on

Count II.

## II.  COUNT II

Count II specifically charged that Rosemond, "during and in relation to the drug

trafficking offense set forth in Count I [possessing marijuana with the intent to distribute

it], did knowingly use, carry, brandish and discharge a firearm, to wit, a 9mm handgun,

and did aid and abet therein; in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2."

(R. v.1 at 18.)  Section § 924(c)(1)(A) provides, in pertinent part, the following:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Using or carrying a firearm in relation to a crime of violence or drug-trafficking

offense, or possessing a firearm in furtherance of such an offense, are elements of the

offense that the Government must prove to a jury beyond a reasonable doubt, while

---

[1] 18 U.S.C. § 924(c)(1)(D)(ii) precludes a sentence for using the firearm during a federal drug-trafficking conviction from running concurrently with any other term of imprisonment, including a term of imprisonment for the underlying drug-trafficking crime.

4

brandishing and discharging a firearm are sentencing enhancements that the Government must prove to the sentencing court by a preponderance of the evidence.  See Harris v. United States, 536 U.S. 545, 549, 552-56, 568 (2002); see also United States v. O'Brien, 130 S. Ct. 2169, 2174, 2179 (2010); Dean v. United States, 556 U.S. 568, 571 (2009); United States v. Bowen, 527 F.3d 1065, 1072 (10th Cir. 2008).

18 U.S.C. § 2(a) provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

## III.  ANALYSIS

At trial, the district court instructed jurors on both of the Government's theories, that Rosemond was the shooter and, alternatively, that he aided and abetted another's use of a firearm during the drug deal.  Jurors found Rosemond guilty of Count II, but they were not required to specify under which theory they convicted.  On appeal, Rosemond contends that 1) the trial court erred in the manner in which it instructed jurors on the aiding-and-abetting theory; and 2) there was insufficient evidence to support giving the aiding-and-abetting instruction.

**A.  The district court did not err in the manner in which it instructed jurors on the aiding-and-abetting theory**

Rosemond does not challenge the trial court's instructions on the Government's theory that Rosemond was the shooter.  Even if there was sufficient evidence on which the jury could have convicted Rosemond as the shooter, however, we must still address Rosemond's challenge to the instructions the trial court gave the jury on the aiding-and-

5

abetting theory because "[a] conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008) (per curiam).

In considering Rosemond's challenge to the aiding-and-abetting instruction, "[w]e review de novo the jury instructions as a whole and view them in the context of the entire trial to determine if they accurately state the governing law and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case." United States v. Prince, 647 F.3d 1257, 1265 (10th Cir.) (internal quotation marks omitted), cert. denied, 132 S. Ct. 860 (2011).

After instructing jurors on the substantive offense of using or carrying a firearm in relation to a federal drug-trafficking offense, the court instructed on aiding and abetting another's use of a firearm during such a drug offense. In the specific instruction Rosemond challenges here, the trial court told jurors the following:

> As to Count II, to find that the defendant aided and abetted another in the commission of the drug trafficking crime charged, you must find that:
>
> (1) the defendant knew his cohort used a firearm in the drug trafficking crime, and
>
> (2) the defendant knowingly and actively participated in the drug trafficking crime.

(R. v. 1. at 73-74 (Instruction 38).)

This instruction is correct under Tenth Circuit law, as established in three cases. In the first, United States v. Wiseman, 172 F.3d 1196 (10th Cir. 1999), Defendant Wiseman, with his cohort Martin, committed a series of armed robberies. See id. at

6

1201-04. During two of those robberies, Martin carried a Tec-9 firearm. See id. at 1217.

A jury convicted Wiseman of aiding and abetting Martin's carrying the Tec-9 on those

two occasions, in violation of § 924(c)(1)(A). See 172 F.3d at 1217. The Tenth Circuit

rejected Wiseman's argument that there was insufficient evidence to support those

convictions:

> To the extent that [Wiseman] argues that the evidence did not show that he aided and abetted Martin's conduct, he is wrong. To the contrary, the evidence was easily sufficient to show that Wiseman knowingly and actively participated in the robberies and that he knew that Martin was carrying the firearm. See United States v. Jones, 44 F.3d 860, 869 (10th Cir. 1995) ("To be guilty of aiding and abetting, a defendant must willfully associate with the criminal venture and aid such venture through affirmative action.").

Id., 172 F.3d at 1217.

The second case, United States v. Vallejos, 421 F.3d 1119 (10th Cir. 2005), again

addressed whether there was sufficient evidence to support a conviction for aiding and

abetting another's using or carrying a firearm during a crime of violence. See id. at 1121.

In addressing that question, Vallejos stated: "Aiding and abetting in the use of a firearm

during a crime of violence under 18 U.S.C. § 924(c) requires proof that the defendant

(1) knew his cohort used a firearm in the underlying crime and (2) knowingly and

actively participated in that underlying crime." 421 F.3d at 1125 (citing Wiseman, 172

F.3d at 1217).

Most recently, in United States v. Bowen, in the context again of considering

whether there was sufficient evidence to convict the defendant of aiding and abetting

another's use of a firearm during a crime of violence, see 527 F.3d at 1069, 1075, this

Court stated: "We have established that a defendant is liable [for] aiding and abetting the use of a firearm during a crime of violence if he (1) knows his cohort used a firearm in the underlying crime, and (2) knowingly and actively participates in that underlying crime." Id. at 1078 (citing Wiseman and Vallejos).

In light of these three cases, the district court correctly instructed jurors that, to convict Rosemond under § 924(c)(1)(A), they had to find that "(1) the defendant knew his cohort used a firearm in the drug trafficking crime, and (2) the defendant knowingly and actively participated in the drug trafficking crime." (R. v.1 at 73-74 (Instruction 38).)

Rosemond argues that most other circuits require jurors to find, additionally, that the defendant took some action to facilitate or encourage his cohort's use of the firearm. We acknowledged that in Bowen:

> Bowen correctly points out that our standard for determining whether a defendant has aided and abetted another's use of a firearm during and in relation to a crime of violence differs from the rules established by other courts. Indeed, many of our sister circuits require the Government [to] prove not only (1) that an aider and abetter have knowledge that a cohort used a firearm in a crime of violence, but also that he (2) intentionally take some action to facilitate or encourage the use of the firearm. We currently only require that an aider and abetter (1) know a cohort used a firearm in an underlying crime of violence, and (2) knowingly and actively participated in that underlying crime. Thus, we have not required that a defendant's participation in the underlying crime directly facilitate the use of a firearm. Of course, this panel has no authority to change our circuit's settled law on the subject.

Bowen, 527 F.3d at 1079 (footnote, citations omitted). That is true for this panel, as well.

Nonetheless, in Bowen, we also reaffirmed the Tenth Circuit standard for § 924(c)(1)(A) convictions for aiding and abetting another's use of a firearm by noting that, "[u]nder the approach taken by the vast majority of our sister circuits, the only

8

additional prerequisite to aider and abetter liability, in this context, is that a defendant intentionally facilitate or encourage another's use of a gun. Little is required to satisfy the element of facilitation." 527 F.3d at 1079.

In an effort to avoid this Tenth Circuit authority, Rosemond argues that Wiseman, Vallejos, and Bowen all addressed the § 924(c)(1)(A) crime of using or carrying a firearm in connection with a crime of violence, while here, the United States charged Rosemond instead with the § 924(c)(1)(A) crime of aiding and abetting another's use of a firearm during a drug-trafficking offense. But he fails to cite any authority drawing such a distinction. And the language of the statute – "any person who, during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" --- does not suggest any reason to apply different standards of proof, depending on whether the offense involves a crime of violence or a drug-trafficking offense.

For these reasons, then, we conclude that the manner in which the district court instructed jurors on the Government's aiding-and-abetting theory was correct.

**B. There was sufficient evidence to support Rosemond's conviction**

Rosemond next argues that there was insufficient evidence presented at trial to support instructing the jury on the Government's aiding-and-abetting theory. We need not address this argument, however, because Rosemond concedes, as he must, that there was sufficient evidence to support his § 924(c)(1)(A) conviction under the Government's alternative theory that he was the shooter. That evidence included Joseph's testimony at trial that Rosemond was the shooter, and the written statement Perez gave police a few

9

days after the incident identifying Rosemond as the shooter. And, as previously mentioned, Rosemond does not challenge the manner in which the trial court instructed jurors on the Government's theory that Rosemond was the shooter. Where then, as here, "there is sufficient evidence to support a conviction on one theory of guilt on which the jury was properly instructed, we will not reverse the conviction on the ground that there was insufficient evidence to convict on an alternative ground on which the jury was instructed." United States v. Hillman, 642 F.3d 929, 939-40 (10th Cir.) (internal quotation marks omitted), cert. denied, 132 S. Ct. 359 (2011); see also Griffin v. United States, 502 U.S. 46, 60 (1991).

## IV. CONCLUSION

For the foregoing reasons, therefore, we AFFIRM Rosemond's conviction on Count II, using or carrying a firearm during the course of a federal drug-trafficking offense.