**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LAFAYETTE ANTONIO WILSON,

      Defendant-Appellant.

No. 13-5019
(D.C. No. 4:12-CR-00135-CVE-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Lafayette Wilson appeals his conviction for possessing firearms and

ammunition while a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Addressing Mr. Wilson's appeal under the analytical framework set forth in

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

*Anders v. California*, 386 U.S. 738 (1967),[1] we **affirm** the judgment and sentence of the district court, **deny** Mr. Wilson's request to hold the case in abeyance, and **grant** the request of Mr. Wilson's counsel to withdraw from further representation of Mr. Wilson in this matter.

## I

After Mr. Wilson was discovered by police in a car with various weapons, a federal grand jury in the Northern District of Oklahoma charged him with possessing firearms and ammunition while a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Wilson pleaded not guilty and, in anticipation of trial, stipulated that he was a felon within the meaning of § 922(g)(1) when he allegedly possessed the firearms and ammunition. A jury trial was held, at the close of which the jury found Mr. Wilson guilty of the charged offense. The district court sentenced him to seventy-eight months in prison.

## II

In her *Anders* brief, counsel for Mr. Wilson states that she has reviewed the record and found no non-frivolous issues to appeal. Mr. Wilson has filed two pro se briefs. In the first, he asks the court to hold his appeal in abeyance pending the Supreme Court's decision in *Rosemond v. United States* (No. 12-895) and further

---

[1] To summarize *Anders*, the Supreme Court held there that if defense counsel determines that a client's appeal is "wholly frivolous," counsel must inform the court, request permission to withdraw, and submit "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744.

argues that his conviction may be affected by the Supreme Court's recent decision in *Alleyne v. United States*, --- U.S. ----, 133 S. Ct. 2151 (2013). The government has filed a single brief, in which it agrees with Mr. Wilson's counsel that there are no non-frivolous issues to raise on appeal. In his second brief, Mr. Wilson responds to the government's argument concerning *Alleyne*.

Our discussion begins with an examination of Mr. Wilson's request for a stay and abeyance; we conclude that one is not warranted. We then take up *Alleyne* and explain why it provides Mr. Wilson no non-frivolous ground for appeal. Finally, we consider the potential appealable issues identified in the *Anders* brief and demonstrate why neither those issues nor any other issues discernible in the record justify his appeal.

**A**

Mr. Wilson contends that *Rosemond* may undermine the validity of his conviction. In *Rosemond*, the petitioner sought certiorari based upon a decision of our court, asking the Supreme Court to decide the following question:

> Whether the offense of aiding and abetting the use of a firearm during and in relation to a crime of violence or drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, requires proof of (i) intentional facilitation or encouragement of the use of the firearm, as held by the First, Second, Third, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits, or (ii) simple knowledge that the principal used a firearm during a crime of violence or drug trafficking crime in which the defendant also participated, as held by the Sixth, Tenth, and District of Columbia Circuits.

Pet. for Writ of Cert., at I, *Rosemond v. United States*, No. 12-895 (filed Jan. 16,

2013), 2013 WL 225985, at *I; *see United States v. Rosemond*, 695 F.3d 1151, 1153 (10th Cir. 2012), *cert. granted*, --- U.S. ----, 133 S. Ct. 2734 (2013).  And the Court granted certiorari.

According to Mr. Wilson, if the Supreme Court decides in Mr. Rosemond's favor, it will be problematic that Mr. Wilson's jury never found that he had knowledge that the firearms and ammunition were in the car.  The government responds with two rebuttals.  First, it submits that, in light of the jury instructions, "the jury necessarily found that [Mr. Wilson] knew that the guns were in the car." Aplee. Br. at 12.  Second, it asserts that the Court's decision in *Rosemond* will be inapposite in any event because the case deals with a different offense.  The government is right on both counts.

The jury was instructed that a guilty verdict was only appropriate if it found that Mr. Wilson "knowingly possessed a firearm or ammunition."  R., Vol. I, at 57 (Jury Instructions, filed Oct. 15, 2012).  It was also informed that the prosecution could prove either actual or constructive possession.  Actual possession, according to the instructions, occurs when an individual "knowingly has direct physical control over an object or thing."  *Id.* at 62.  Constructive possession, by contrast, could be found if Mr. Wilson "knowingly ha[d] both the power and the intention at a given time to exercise dominion or control over an object, either directly or through another person or persons."  *Id.*

Assuming the jury followed the (unchallenged) instructions—as we must,

-4-

*see, e.g.*, *United States v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009)—whichever route the jury took to its verdict, it implicitly found that Mr. Wilson knew the guns and firearms were in the car. Thus, even if the Supreme Court were to eventually hold by implication in *Rosemond* that the jury in the instant case was required to find that Mr. Wilson knew the guns and ammunition were in the car—which appears unlikely for reasons discussed *infra*—his conviction would remain sound because the jury did implicitly find that fact. *Cf. United States v. LaVallee*, 439 F.3d 670, 705–06 (10th Cir. 2006) (finding no Sixth Amendment error where the facts triggering a sentencing enhancement were "implicit in the jury's verdict").

Moreover, the only criminal offense at issue in *Rosemond* is that of aiding and abetting the use or carriage of "a firearm in relation to a crime of violence or drug-trafficking offense, or possessing a firearm in furtherance of such an offense," in violation of 18 U.S.C. § 924(c)(1)(A). *Rosemond*, 695 F.3d at 1153. This is a very different charge than the one leveled at Mr. Wilson. Most notably, there are at least two layers of complexity separating Mr. Rosemond's alleged offense from Mr. Wilson's: first, the aiding-and-abetting theory of criminal liability, and second, the connection between the firearm and the specified offenses. In other words, these two factors are not relevant to Mr. Wilson's conviction predicated on § 922(g)(1). Yet, our analysis in *Rosemond* focused entirely on these facets of the § 924(c)(1)(A) offense, *see id.* at 1154–56, and

there is no reason to believe, in light of the question that Mr. Rosemond presented to the Supreme Court for decision, that the Court will have a different analytical focus. In sum, we conclude that the Court's ruling in *Rosemond* very likely would be inapposite to our resolution of this case and, accordingly, there is no need to hold the appeal in abeyance pending the Court's decision in *Rosemond*.

**B**

In his opening brief, Mr. Wilson urges us to afford him counsel on appeal on the ground that, under *Alleyne*, the jury was required by the Sixth Amendment to find the fact of his prior conviction. The government responds by noting that Mr. Wilson stipulated to the felony and that *Alleyne* explicitly declined to extend its holding to the fact of a prior conviction. A prior conviction, the government observes, can in fact be considered a sentencing factor and not an element of an offense for Sixth Amendment purposes under the Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Acknowledging this point, Mr. Wilson scales back his argument in his reply brief, limiting it to the contention that the Supreme Court will likely overrule *Almendarez-Torres* in the near future. Consequently, he asks us to allow him to proceed in his appeal in order to preserve the issue so that he can benefit when the Supreme Court does revisit the question.

Both Mr. Wilson and the government elide a crucial—and dispositive—fact from his trial: the jury *did* find that Mr. Wilson was a felon within the meaning of

-6-

§ 922(g)(1). *See* R., Vol. I, at 57 (instructing the jury that "to find [the] defendant guilty of this crime you must be convinced that the United States has proved . . . beyond a reasonable doubt [that] . . . [the] defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition"); *id.* at 76 (Verdict Form, filed Oct. 15, 2012) (finding Mr. Wilson guilty). This was quite proper, as it is beyond dispute that a felony conviction is "an essential element of a violation of 18 U.S.C. § 922(g)(1)" that must be proven to the jury beyond a reasonable doubt. *United States v. Bagby*, 696 F.3d 1074, 1083 (10th Cir. 2012); *accord United States v. Kitchell*, 653 F.3d 1206, 1228 (10th Cir. 2011).

Whether it remains good law or not, *Almendarez-Torres* is inapposite. The Supreme Court in that case upheld a statutory provision in which Congress categorized recidivism as a sentencing factor. *Almendarez-Torres*, 523 U.S. at 247. Congress did the opposite here; it explicitly denominated the fact of a prior conviction an element of § 922(g)(1). The district court correctly treated it as such and therefore sent the question to the jury. If the Supreme Court sees fit in the future to overrule *Almendarez-Torres* and hold that the fact of a prior conviction must always be proved to the jury beyond a reasonable doubt under the Sixth Amendment, Mr. Wilson would gain nothing from the development because that is exactly what happened in his case. Consequently, he has no non-frivolous

-7-

Sixth Amendment issue to appeal.[2]

## C

Mr. Wilson's counsel identifies three other potential claims that could be raised on appeal, all of which she deems frivolous. First, she avers that there was no violation of Federal Rule of Criminal Procedure 11 or *Boykin v. Alabama*, 395 U.S. 238 (1969). Next, counsel finds no error in Mr. Wilson's sentencing. Lastly, counsel notes that any ineffective assistance claim must be raised in a 28 U.S.C. § 2255 motion, not on direct appeal. The government agrees on all three points, and we do as well.[3] Furthermore, we have conducted a thorough, independent examination of the record, and we conclude that there are no non-frivolous issues to present on appeal.

---

[2] Because we reject Mr. Wilson's Sixth Amendment claim on the ground that the jury found the fact of his prior conviction, we do not address the government's reliance on the fact that he stipulated to the felony. We do note, however, that the jury was informed of the stipulation.

[3] While ineffective-assistance claims can be brought on direct appeal in certain unusual cases with adequately developed records, they are never preferred and are especially inappropriate where the district court has not ruled on the matter in the first instance. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). In the case at bar, there is neither an adequately developed record nor a decision from the district court on ineffective assistance. Mr. Wilson did file a motion for a new trial with the district court in which he alleged, *inter alia*, that his attorney displayed "utter ineffectiveness," R., Vol. I, at 84 (Rule 33 Mot. for New Trial, filed Jan. 3, 2013), but the court struck it and did not rule on the merits of any ineffective-assistance claim.

## III

For the reasons stated, we **affirm** the judgment and sentence of the district court, **deny** Mr. Wilson's request to hold the case in abeyance, and **grant** the request of Mr. Wilson's counsel to withdraw from further representation of Mr. Wilson in this matter.[4]

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[4] We also **deny** Mr. Wilson's request for the appointment of new appellate counsel as moot.