# United States Court of Appeals

## For the First Circuit

No. 00-1990

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

JOSÉ A. OTERO-MÉNDEZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Lipez, Circuit Judge,

and Zobel,[*] District Judge.

---

Víctor P. Miranda-Corrada, on brief, for appellant.
Thomas F. Klumper, Assistant U.S. Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant U.S. Attorney, Chief, Criminal Division, were on brief, for appellee.

---

[*] Of the District of Massachusetts, sitting by designation.

December 10, 2001

---

**TORRUELLA, Circuit Judge.** Following a criminal trial, a jury convicted defendant-appellant José A. Otero-Méndez ("Otero-Méndez") of (1) aiding and abetting an attempted carjacking, in violation of 18 U.S.C. §§ 2119(2) and (3), and (2) aiding and abetting the use and carrying of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and (2). On appeal, Otero-Méndez challenges several elements of the convictions, including: (1) the district court's denial of his motion for acquittal; (2) various evidentiary rulings of the district court; (3) the jury instructions given by the district court; and (4) the applicability of the federal carjacking statute to Puerto Rico. We affirm.

**I**

In the late evening hours of April 4, 1996, Otero-Méndez, together with four companions, was driving his car in the San Juan metropolitan area. Next to him, in the passenger's seat, was Giovani Castro-Ayala ("Castro-Ayala"). In the rear seat, Jomary Alemán-González ("Alemán-González") sat in the middle with Hanson Wilson-Millán ("Wilson-Millán") to her left and Javier Betancourt ("Betancourt") to her right.

As they were returning home, a white Nissan 300ZX ("the 300ZX") automobile passed them. Previously, Otero-Méndez, Wilson-Millán, and Betancourt had discussed finding new wheel rims for Otero-Méndez's car. Upon seeing the 300ZX, they decided that they would

forcibly take its wheel rims, so Otero-Méndez turned his car around and followed the 300ZX. When the 300ZX stopped in front of a residence, Otero-Méndez pulled up next to it. Betancourt and Wilson-Millán got out of the car, pulled out their weapons, and approached the 300ZX. Shots were fired by Betancourt, Wilson-Millán, and the driver of the 300ZX. Hit by multiple gunshots, the driver of the 300ZX died. Then, both Betancourt and Wilson-Millán got back into appellant's car. Appellant took Betancourt, Alemán-González, and Castro-Ayala to a local hospital because Betancourt had also been shot. He subsequently died.

A few days after the incident, appellant, having dyed his hair and using eyeglasses and a fictitious name, left Puerto Rico through the Aguadilla Airport. He was subsequently apprehended in Connecticut and transferred to Puerto Rico where he was indicted. He was then convicted of aiding and abetting an attempted carjacking and aiding and abetting in the use of a firearm.

## II

Appellant moved at the end of his trial for an acquittal, claiming that the government failed to prove its case beyond a reasonable doubt. In regard to the carjacking conviction, appellant contends the government did not meet its burden of proof in two ways: (1) the government did not prove that the 300ZX had been transported or shipped in interstate or foreign commerce (the "jurisdictional element" of 18 U.S.C. § 2119); and (2) the government failed to show that

appellant had the requisite intent under 18 U.S.C. § 2119. In regard to the weapons conviction, appellant argues that the government failed to prove the charge beyond a reasonable doubt.

When addressing sufficiency of the evidence claims, we review the evidence in the light most favorable to the prosecution, and review <u>de</u> <u>novo</u> the district court's determination that the jury reasonably found each element of the crime to have been proven beyond a reasonable doubt.  See <u>United States</u> v. <u>Colón-Muñoz</u>, 192 F.3d 210, 219 (1st Cir. 1999), <u>cert. denied</u>, 529 U.S. 1055 (2000); <u>see also</u> <u>United States</u> v. <u>Hernández</u>, 146 F.3d 30, 32 (1st Cir. 1998).  Our role in this review is limited: "An appellate court plays a very circumscribed role in gauging the sufficiency of the evidentiary foundation upon which a criminal conviction rests."  <u>United States</u> v. <u>Rivera-Ruiz</u>, 244 F.3d 263, 266 (1st Cir.), <u>cert. denied</u>, No. 01-6313, 2001 WL 1117904 (U.S. Oct. 15, 2001).  We find that the prosecution did present sufficient evidence on all of the challenged points to allow a reasonable jury to find the defendant guilty.

**A.  Jurisdictional element of § 2119**

Otero-Méndez argues that the government failed to prove that the car involved had been transported, shipped, or received in interstate or foreign commerce.  The jurisdictional element of 18 U.S.C. § 2119 requires that the government prove that the car in question has been moved in interstate commerce, at some time.  <u>See</u>

United States v. Johnson, 22 F.3d 106, 108-09 (6th Cir. 1994). We find that the testimony of FBI Agent Thomas Oates satisfied the jurisdictional element.

Agent Oates testified that all automobiles arrive by ship into Puerto Rico and that he was unaware of any automobiles manufactured in Puerto Rico. This testimony went unchallenged. In United States v. Lake, a police officer testified that no motor vehicles are manufactured in the U.S. Virgin Islands and all cars must be shipped into the territory. 150 F.3d 269, 273 (3d Cir. 1998). The Third Circuit held this testimony to be sufficient to establish the jurisdictional element of 18 U.S.C. § 2119. Id. The court also noted that it was reasonable for the district court judge to admit this testimony as within the personal knowledge of the witness. Id. Like the U.S. Virgin Islands, Puerto Rico is an island and not a particularly large one. It is entirely reasonable that a federal agent working in Puerto Rico would know about the lack of any manufacturing facilities for cars on the island. Therefore, the district court acted within its discretion when admitting Agent Oates' testimony, and a reasonable jury could conclude on the basis of his testimony that the 300ZX had been transported in interstate or foreign commerce.[1]

_____

[1] Appellant also argues that the district court erred in allowing Agent Oates to testify that the 300ZX had been manufactured in Japan. He based this conclusion of a search of the National Insurance Crime Bureau ("NICB") database. Because we hold the jurisdiction element satisfied otherwise, we find it unnecessary to decide whether this

## B.  Intent element of § 2119

Appellant claims that the government failed to prove he shared any intent to cause death or serious bodily injury as required under § 2119.  As an aider and abetter, appellant must have "consciously shared the principal's knowledge of the underlying criminal act, and intended to help the principal." United States v. Taylor, 54 F.3d 967, 975 (1st Cir. 1995).  Under 18 U.S.C. § 2119, the government must prove that the defendant intended to cause death or serious bodily injury.  See United States v. Hernández, 146 F.3d 30, 33 (1st Cir. 1998).  We find that a reasonable jury could have found that appellant had the requisite intent.

It is difficult to articulate a precise intent standard for an aider and abetter.  See United States v. Spinney, 65 F.3d 231, 236-40 (1st Cir. 1995) (discussing the differing intent standards articulated, at various times, for aiders and abettors).  For a specific intent crime, like aiding and abetting, the defendant must have consciously shared some knowledge of the principal's criminal intent.  See United States v. Loder, 23 F.3d 586, 591 (1st Cir. 1994).

testimony was properly admitted under the residual exception to the hearsay rule. Fed. R. Evid. 807.  If it was error, it was harmless error.  Appellant also objects to other elements of Agent Oates' testimony, including that Agent Oates never identified the vehicle identification number ("VIN") he entered into the NICB database, the VIN of the 300ZX was never conclusively established, and that Agent Oates was not qualified as an expert witness.  We find all these arguments to be without merit.

A generalized suspicion is not enough.  See id. at 591 (citing United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990)); see also Spinney, 65 F.3d at 237 (holding that if the defendant did not have actual knowledge of the principal's intent, there must be at least "enhanced constructive knowledge").  We have previously required evidence that the defendant was "on notice."  United States v. Rosario-Díaz, 202 F.3d 54, 63 (1st Cir. 2000).  However, we have declined to decide whether the evidence must show the defendant knew to a "practical certainty." Id.  We need not decide this issue today, as a reasonable jury could have found that appellant knew to a practical certainty that Betancourt and Wilson-Millán intended death or serious bodily injury.

Appellant argues that the lack of any discussion or conversation regarding the use of guns or force to take the car or wheel rims demonstrates that any intent to cause death or serious bodily injury could not have been formed until after Betancourt and Wilson-Millán exited appellant's car.  While no conversation took place about the use of force, Castro-Ayala testified that Betancourt and Wilson-Millán pulled out their guns as they exited appellant's car. Appellant himself testified that he knew that Betancourt and Wilson-Millán were carrying guns when they got into his car.[2] Appellant also testified that shots were fired immediately after Betancourt and

_____

[2] Appellant's testimony from the trial of Wilson-Millán was admitted into evidence.

-8-

Wilson-Millán exited his car. This uncontradicted testimony provides sufficient grounds for a reasonable jury to find that appellant knew to a practical certainty that Betancourt and Wilson-Millán intended to use deadly force.

### C. Weapons charge

Appellant argues that his conviction for aiding and abetting in the use or carrying of a firearm in connection with a carjacking, 18 U.S.C. §§ 924 (c)(1) and (2), cannot be sustained because the government failed to prove its case beyond a reasonable doubt. In support of this proposition, appellant points to the facts that he did not carry a firearm during the commission of the carjacking, did not provide firearms to his associates, did not have access to a weapon during the commission of the crime, and only helped dispose of a weapon. As a result, he argues that the evidence is insufficient to sustain a conviction for aiding and abetting in the use of a firearm.

Appellant's conviction for aiding and abetting in the use of a firearm during a crime of violence can be sustained under 18 U.S.C. § 2, which provides for punishment as a principal if a defendant is convicted of aiding and abetting a crime. To satisfy the requirements of section 2, the prosecution must prove that appellant knew a firearm would be carried or used in a crime of violence and that he willingly took some action to facilitate that carriage or use. See United States v. Bennett, 75 F.3d 40, 45 (1st Cir. 1996). The evidence shows that

appellant knew that Betancourt and Wilson-Millán were illegally carrying weapons as he drove them to the scene of the crime. Additionally, appellant saw Betancourt fire shots at the victim's car, and appellant later disposed of Betancourt's gun. This evidence supports the inferences that appellant both knew that firearms would be carried or used during the carjacking and actively facilitated their use. Therefore, we affirm appellant's conviction on this count.

III

Appellant contends that the district court made a series of erroneous evidentiary rulings which cumulatively denied appellant his right to a fair trial. We review each of the district court's evidentiary rulings for abuse of discretion. See United States v. Reeder, 170 F.3d 93, 107 (1st Cir. 1999); see also Williams v. Drake, 146 F.3d 44, 46 (1st Cir. 1998). We find the district court did not abuse its discretion.

**A.  Evidence of appellant's flight and disguise**

Appellant argues that the district court should not have admitted evidence of appellant's flight and disguise during that flight. In regard to the flight itself, appellant concedes that flight can be evidence of a guilty conscience, but argues that evidence of flight in this case was unfairly prejudicial. In addition, appellant asserts that introducing evidence of his use of a false identity is equivalent to impeaching his credibility because it calls into question his honesty.

The law of this circuit clearly allows the district court to admit evidence of both flight and use of a false identity if probative of a guilty conscience: "Evidence of a defendant's flight and attempts to conceal or falsify identity may be presented at trial as probative of a guilty mind if there is an adequate factual predicate creating an inference of guilt of the crime charged." United States v. Candelaria-

-11-

<u>Silva</u>, 162 F.3d 698, 705 (1st Cir. 1998). Here, the uncontradicted evidence shows not only that appellant was present during the attempted carjacking, but that appellant was the one who pursued the 300ZX and who desired the wheel rims. Appellant let Betancourt and Wilson-Millán out of his car, knowing that they intended to take the other car and that they carried illegal weapons. This evidence clearly establishes an adequate factual predicate of guilt. Therefore, the trial court properly admitted evidence of appellant's flight and false identity.

As to appellant's argument that the evidence of flight was unfairly prejudicial, the district court found the probative value substantially outweighed any significant prejudice. Rule 403 of the Federal Rules of Evidence allows relevant evidence to be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." In reviewing Rule 403 challenges, we are extremely deferential to the district court's determination. <u>See</u> <u>United States</u> v. <u>Hernández</u>, 218 F.3d 58, 70 (1st Cir. 2000), <u>cert. denied</u>, 531 U.S. 1103 (2001) ("district court's Rule 403 balancing stands unless it is an abuse of discretion."); <u>see also</u> <u>United States</u> v. <u>Rosario-Peralta</u>, 199 F.3d 552, 561 (1st Cir. 1999). In assessing the probative value of the evidence, the district court specifically pointed to appellant's prior statement in which he explained his flight and disguise as an effort to avoid being connected to the attempted carjacking. In light of this statement, we agree with the district court's finding that

-12-

evidence of appellant's flight and disguise is probative of a guilty conscience and not unfairly prejudicial.[3] We certainly cannot find an abuse of discretion.

As for appellant's argument that the evidence relating to his disguise attacked his credibility and was an impermissible character attack, we find this argument to be without merit. The evidence was admitted as probative of appellant's guilty conscience, not as a character attack. The reasoning underlying appellant's challenge would convert <u>all</u> evidence relating to use of disguises and false names into impermissible character attacks. Given the absurdity of such a position, we decline to adopt it.

**B.  Appellant's prior testimony**

Appellant contests the introduction into evidence of his prior testimony given at the severed trial of his co-defendant. He argues that this testimony was irrelevant and highly prejudicial and should have been barred under Rule 403 of the Federal Rules of

---

[3] Appellant also challenges the jury instruction given on flight and concealment of identity. However, appellant does not identify, in this appeal, any separate grounds on which he objects to this instruction. In fact, the challenged jury instruction only tempers the evidence of flight and disguise. The instruction counseled the jury that intentional flight does not create a presumption of guilt, but is only a basis to infer a guilty conscience. Additionally, the instruction reminded jurors that flight may be consistent with innocence. As we find the admission of evidence relating to appellant's flight and use of disguise not to be an abuse of discretion, we do not find the jury instruction given on this point to be an abuse of discretion. <u>See</u> <u>United States</u> v. <u>Smith</u>, 145 F.3d 458, 460 (1st Cir. 1988) (holding that we review challenges to jury instructions for abuse of discretion).

Evidence.  First, we note that appellant's prior statements are admissible as party admissions.  <u>See</u> Fed. R. Evid. 801(d)(2)(A) (providing that an out-of-court statement is not hearsay if it is offered against the party and it is the party's own statement).  Next, we turn to the Rule 403 balancing question.  Here, the prior testimony bears on appellant's flight, which was relevant as discussed above.  Also, the testimony is appellant's version of the events, made with the consent of his attorney after being advised of his constitutional rights.  As such, its high probative value cannot be said to be outweighed by its asserted unfair prejudice, and its introduction does not constitute an abuse of discretion.

### C.  Testimony of decedents' relatives

Appellant argues that the testimony given by the decedents' relatives[4] should have been barred under Rule 403 of the Federal Rules of Evidence because it was both irrelevant and highly prejudicial.  Specifically, he charges that this testimony was introduced only to inflame the jury since the identities of the deceased were not at issue.  We agree with the district court that the identities of the deceased were relevant.  <u>See</u> Fed. R. Evid. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

---

[4] Luis González-Pérez, the father of the driver of the 300ZX, and Delma Betancourt-Betancourt, the mother of Betancourt, testified.

probable or less probable than it would be without the evidence.").
Appellant was charged, and convicted, of aiding and abetting in a
deadly carjacking. Appellant had not stipulated to the identities of
the decedents, and, indeed, when a prior witness identified a picture
of the body of the driver of the 300ZX, appellant did not contest that
testimony for relevance. As to whether the contested testimony was
unfairly prejudicial so as to outweigh the probative value, we find no
abuse of discretion.

### D. Toxicology report for Betancourt

Appellant also contests the admission of a toxicology report
showing various drugs in Betancourt's body at the time of death,
claiming that this report had limited probative value and was unfairly
prejudicial. First, the fact that Betancourt was under the influence
of drugs when he and Wilson-Millán attempted to take the 300ZX bears on
Betancourt's state of mind, as a principal in the crime. Second, the
unfair prejudice created here, associating the appellant with a drug
user, is not very substantial. Therefore, we find no abuse of
discretion by the trial judge in admitting this evidence. Moreover,
the admission of such evidence, even if erroneous, would not be
sufficient to disturb appellant's conviction.

### IV

Appellant contends that the district court erred when it
refused to give the jury an accessory-after-the-fact instruction as

requested by the appellant.  We review challenges to jury instructions

for abuse of discretion.  <u>See</u> <u>Beatty</u> v. <u>Michael Mach. Bus. Corp.</u>, 172

F.3d 117, 121 (1st Cir. 1999); <u>see also</u> <u>Smith</u>, 145 F.3d at 460.  We

find no abuse of discretion.

Appellant concedes that here an accessory-after-the-fact

charge is not a lesser included offense.  <u>See</u> <u>United States</u> v. <u>Rivera-</u>

<u>Figueroa</u>, 149 F.3d 1, 6 n.5 (1st Cir. 1998) (holding "the accessory

offense is not a lesser <u>included</u> offense because it requires proof that

the principal offense does not, namely, that the defendant assisted

after the principal crime was committed") (emphasis in original).

Therefore, appellant is not entitled to this instruction as a matter of

law.  <u>See</u> <u>id.</u> at 6.

However, appellant contends that the accessory-after-the-fact

instruction was essential to his defense and sufficient evidence

supported the instruction, and, therefore, the district court's denial

of the instruction is reversible error.  <u>United States</u> v. <u>Rosario-</u>

<u>Peralta</u>, 199 F.3d 552, 567 (1st Cir. 1999), addressed a similar

situation, a failure to give an accessory-after-the-fact instruction in

a carjacking prosecution.  There, we set out a four-part test to judge

whether a defendant is entitled to a particular instruction:

> . . . a trial court's failure to deliver a theory
> of defense instruction will result in reversal
> only if: (1) the requested instruction correctly
> describes the applicable law; (2) sufficient
> evidence is produced at trial to warrant the

instruction; (3) the charge actually delivered does not fairly present the defense; and (4) the requested instruction was essential to the effective presentation of the particular defense.

Id. (citing United States v. Montañez, 105 F.3d 36, 39 (1st Cir. 1997)).  Appellant argues that all four requirements are met here,[5] but we disagree.  The evidence presented was insufficient to warrant the requested instruction.

In support of his argument, appellant points to several facts: (1) the desired wheel rims would not actually fit on appellant's car; (2) the evidence as to appellant's interest in the wheel rims was contradictory; (3) one of the witnesses was surprised when she heard shots; (4) no one discussed how to dispose of the car; and (5) no one spoke of hurting the driver of the car.  None of the evidence to which appellant points contradicts the facts that (1) appellant expressed a desire for new wheel rims; (2) appellant voluntarily turned his car around and followed the victim's car; (3) appellant voluntarily let Betancourt and Wilson-Millán out of the car so they could take the victim's car; (4) appellant knew that Betancourt and Wilson-Millán had guns; and (5) appellant waited for Betancourt and Wilson-Millán to return after they began firing at the driver of the 300ZX.  Therefore,

_____

[5]  However, appellant concedes a legal error in his submitted instruction.  His submitted instruction implied that the jury could find appellant guilty of being an accessory-after-the-fact, but appellant had not been charged with this offense.  We will ignore the implications of this error as they are not necessary to our holding.

-17-

like in Rivera-Figueroa, the evidence here that appellant was only an accessory-after-the-fact is insufficient to warrant the requested instruction.

In addition, the requested instruction had the potential to confuse the jury. In Rivera-Figueroa, we determined that giving the accessory-after-the-fact instruction was likely to confuse the jury because it requires giving the jury an additional set of elements for an uncharged crime of which the defendant cannot be convicted. 149 F.3d at 7. That same risk of confusion exists here. Therefore, we cannot find that the district court abused its discretion in refusing appellant's requested instruction, much less that any such error was reversible error.

**V**

Finally, appellant argues that federal jurisdiction is lacking in this case. He alleges that Congress lacks authority to extend 18 U.S.C. § 2119 to Puerto Rico because the Insular Cases[6] bar the application of the Commerce Clause to Puerto Rico.[7] In Trailer Marine Transport Corporation v. Rivera-Vázquez, we noted that the

---

[6] Balzac v. Porto Rico, 258 U.S. 298, 42 S. Ct. 343, 66 L.Ed. 627 (1922); Downes v. Bidwell, 182 U.S. 244, 21 S. Ct. 770, 45 L.Ed. 1088 (1901); Dooley v. United States, 182 U.S. 222, 21 S. Ct. 762, 45 L.Ed. 1074 (1901); DeLima v. Bidwell, 182 U.S. 1, 21 S. Ct. 743, 45 L.Ed. 1041 (1901).

[7] In Rivera-Figueroa, we upheld the power of Congress to enact 18 U.S.C. § 2119 under the Commerce Clause. 149 F.3d at 3-4.

Supreme Court and this circuit have long recognized the power of Congress, under the Commerce Clause, to legislate for Puerto Rico. 977 F.2d 1, 7 n.3 (1st Cir. 1992) (citing Secretary of Agric. v. Cent. Roig Ref. Co., 338 U.S. 604, 616 (1950)). Therefore, we find appellant's contention without merit.

## VI

For the foregoing reasons, we **affirm** Otero-Méndez's convictions.