McKAY, Circuit Judge,
dissenting:
This case arises under federal statutes which require that the accused carjack a vehicle by intending “to cause death or serious bodily harm,” 18 U.S.C. § 2119, and that the accused brandish a weapon, 18 U.S.C. § 924(c)(1)(A)(ii). The jury convicted Defendant as an aider and abettor on both counts. The trial court set aside that verdict on the ground that there was insufficient evidence to support a finding that Defendant was aware of Mr. Sanchez’s use of a gun. Aplt.App., Vol. I, at 93-94, 96. The record here clearly supports a finding that Mr. Sanchez used a gun. In order to reverse the trial court’s holding, the majority necessarily relies entirely on its conclusion that “a reasonable jury could conclude [beyond a reasonable doubt] that [Defendant] saw Mr. Sanchez draw the gun.” Maj. Op. at 12. I respectfully disagree.
The record evidence that supports the majority’s conclusion is scant. The only direct evidence is Defendant’s testimony that he did not see the weapon.[1] ApltApp., Vol. Ill, at 382. However, viewing the evidence in the light most favorable to the government requires us to disregard this evidence because it is clearly inconsistent with the jury’s verdict. Hence, we are left to decide whether the circumstantial evidence submitted is sufficient to support a finding beyond a reason *1127 able doubt that Defendant saw the weapon.[2]
Only two witnesses offered by the prosecution saw the gun held by Mr. Sanchez. These two individuals were seated inside the car that was in the process of being stolen when they saw the weapon. Aplt. App., Vol. II, at 261, 286. The government’s five other percipient witnesses, who were not inside the vehicle while it was being stolen, testified that they did not see Mr. Sanchez with a weapon. Id., Vol. II, at 129, 132, 166, 178-79, 201, 223. One of those witnesses testified that he saw Mr. Sanchez open the driver side door of the vehicle and stick his hand inside the vehicle but did not see anything in his hand. Id. at 129, 132.
Notwithstanding the fact that no other witness saw Mr. Sanchez’s gun, the majority concludes that Defendant saw the gun because of his close proximity to Mr. Sanchez when the gun was used. Maj. Op. at 10-11. The majority states that “Mr. Val-lejos [had] a clear line of vision to the gun,” id. at 10; however, this assertion is not supported by the record. To conclude that Defendant saw the gun, the majority impermissibly piles inference upon inference.[3] See United States v. Leos-Quijada, 107 F.3d 786, 794 (10th Cir.1997).
The majority also gives short shrift to a critical ingredient of the reasonable inference mix, Defendant’s vision problems. Maj. Op. at 1125. Defendant is blind in one eye and has limited sight in the other, which renders him sufficiently impaired to receive disability payments. ApltApp., Vol. Ill, at 378-79. Because Mr. Vallejos receives disability, it is reasonable to infer that his vision is seriously impaired. Making the inferential leaps that (1) Defendant was looking at Mr. Sanchez when the gun was drawn and (2) Defendant’s eyesight is good enough to see the gun, that no other percipient witness was able to see, moves this case outside of the permitted reasonable inferences that we allow juries to make. Beyond a reasonable doubt, these stacked inferences clearly are not.
I respectfully dissent.

. Indeed, Defendant testified that he did not even see Mr. Sanchez open the car door. Aplt.App., Vol. Ill, at 383 ("I was looking out towards the park, and I turned back around, [Mr. Sanchez] was already in the truck, he looked at me and he told me to get in.”).

. The majority opinion makes much ado about the First Circuit's dilemma regarding the standard of proof requisite for an aider and abettor's intent; whether "the Government must show that the defendant knew to a 'practical certainty' of the principal's intent or whether it is sufficient to show that the defendant was simply "on notice” of such intent.” Maj. Op. at 1125 (citing United States v. Otero-Mendez, 273 F.3d 46, 52 (1st Cir.2001); United States v. Evans-Garcia, 322 F.3d 110, 114 (1st Cir.2003)). I agree with the majority’s adoption of the First Circuit's reasoning to the extent that the government must demonstrate that Defendant "shared some knowledge” of Mr. Sanchez’s criminal intent (proof of Defendant's criminal intent in this case boils down to whether he saw the gun); however, I see no need for discussion about "practical certainty” or "on notice” burdens of proof. The government must prove criminal intent beyond a reasonable doubt. See Cannon v. Gibson, 259 F.3d 1253, 1271-72 (10th Cir.2001). I see no reason to depart from this practice in this case.

. There would be no inferential piling problem had this case proceeded in state court as a simple robbery case, see N.M. Stat. Ann. § 30-16-2 (Michie 2004), to which Mr. Sanchez pled guilty. But, as the majority correctly points out, the critical element of conviction in these federal offenses requires knowledge of the gun. Under the majority's analysis, that was not proven.