**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS SENTEL GRANGER, a/k/a Wacko,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:06-cr-00046-RBS)

Submitted: September 26, 2007       Decided: October 11, 2007

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James S. Ellenson, Newport News, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Travis S. Granger of conspiracy to commit carjacking, carjacking, and use of a firearm in furtherance of a carjacking. On appeal, he contends that the evidence was insufficient to satisfy the intent elements of his crimes. We affirm.

The carjacking statute requires proof of five elements: (1) taking a motor vehicle (2) that had been transported, shipped, or received in interstate or foreign commerce (3) from the person or presence of another (4) by force or intimidation (5) with the intent to cause death or serious harm. 18 U.S.C. § 2119 (2000). In order to satisfy the intent element, the Government must prove that "at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car." Holloway v. United States, 526 U.S. 1, 12 (1999). A defendant is guilty of aiding and abetting when he knew the crime charged was to be or was being committed, knowingly did some act for the purpose of aiding and encouraging the commission of that crime, and acted with the intent of causing that crime to be committed. See United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983). A defendant can be found guilty of aiding and abetting under § 2119 if he "consciously shared some knowledge of the principal's criminal

intent." United States v. Otero-Mendez, 273 F.3d 46, 52 (1st Cir. 2001).

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

We conclude that the evidence was sufficient to establish Granger's specific intent. The evidence showed that Granger and his accomplices decided together to rob the victim; that Granger handed a firearm to one accomplice; that that accomplice and a third man carjacked the victim while Granger waited in the car; and that Granger, along with the others, shared in the spoils and helped strip the car. From this evidence, the jury could certainly conclude that Granger intended to aid his accomplices in stealing the car, by deadly force if necessary. While Granger relies on the testimony of his accomplices that they did not initially intend to commit a carjacking and did not decide to steal the car until they had walked away from the van in which Granger was waiting, the jury

was free to reject their description of their intent and their agreement with Granger.[*] See United States v. Arache, 946 F.2d 129, 138 (1st Cir. 1991) ("[J]ury is free to accept some part of a witness's testimony while rejecting other parts of the same testimony.").

Accordingly, we affirm Granger's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Granger does not separately discuss the intent element for each count in his brief. However, he does not dispute that a finding that he intended to carjack would be sufficient to satisfy the intent elements of his conspiracy charge, his carjacking charge, and his firearm charge.