**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1159

UNITED STATES OF AMERICA,

Appellee,

v.

JOEL MERCED-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García Gregory, U.S. District Judge]

Before

Torruella, Siler[*], and Howard, Circuit Judges.

Jane Lee for appellant.
Julia M. Meconiates with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, were on brief for appellees.

March 24, 2009

[*] Of the Sixth Circuit, sitting by designation.

**SILER**, <u>Circuit Judge</u>. Pursuant to a written plea agreement, Appellant Joel Merced-Rodríguez and his co-defendant pled guilty to one count of aiding and abetting each other in the offense of carjacking under 18 U.S.C. § 2119. He was sentenced to a term of 141 months. Despite signing a plea agreement with an appeal-waiver provision, he appeals, arguing that there was an insufficient factual basis establishing that he had the intent to inflict serious bodily harm to effectuate the carjacking. For the following reasons, we affirm.

## I.

The relevant facts were summarized in the factual stipulation accompanying the plea agreement:

> On September 10, 2005 at approximately 1:30PM, the defendant along with another individual attempted to take by force, violence and/or intimidation a motor vehicle from NLF, while she was parking her vehicle, a 2001 Honda CR-V, license plate EEK-823 at the Santa Maria Shopping Center in Guaynabo, PR. As the victim was exiting her vehicle, the defendant approached her and grabbed her by the shoulder and stated "this is a holdup", the defendant then grabbed the victim's handbag and keys to her motor vehicle. The defendant was unable to take the motor vehicle due to a locking device that the victim had just placed in the steering wheel of the vehicle. At this time the victim began to scream and the defendant along with the other individual attempted to flee the scene but were arrested nearby.

Merced-Rodríguez was indicted, along with his co-defendant, on two counts of aiding and abetting each other in carjacking. The indictment alleged the offenses occurred on two

separate occasions, involving different victims and cars, within a span of four days.

On August 1, 2006, Merced-Rodríguez signed an agreement under Rule 11(c)(1)(B), pleading guilty to Count Two of the indictment for the September 10 incident. The agreement stated that the government would request Count One be dismissed if the parties recommended a sentence of 141 months. That sentence was within the range the parties agreed to submit as the advisory guidelines range. The plea agreement contained an appeal-waiver provision that stated "if this Honorable Court accepts this agreement and sentences him according to its terms and conditions, defendant waives and surrenders his right to appeal the judgment and sentence in this case."

A change-of-plea hearing was held on August 1, 2006. On November 3, 2006, the district court held a sentencing hearing and sentenced Merced-Rodríguez to 141 months imprisonment.

## II.

We articulated the standards for reviewing appeal-waiver provisions in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). The defendant must have entered the plea knowingly and voluntarily. Id. at 24. To evaluate whether the plea meets this standard, the court looks at both the text of the appeal-waiver provision and the change-of-plea colloquy. Id. We may refuse to honor the waiver if

denying the right to appeal would effect a "miscarriage of justice." Id. at 25.

Merced-Rodríguez concedes the appeal-waiver provision in the agreement was clear. As to the plea colloquy, under Federal Rule of Criminal Procedure 11(b)(1)(N), the court must "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Id. On appeal, "[t]he focus of this inquiry is to ascertain whether the court's interrogation suffices to ensure that the defendant freely and intelligently agreed to waive her right to appeal her forthcoming sentence." Teeter, 257 F.3d at 24. The district court must "inquire specifically at the change-of-plea hearing into any waiver of appellate rights." Id.

At the plea hearing, Merced-Rodríguez was represented by counsel[2] and the district court specifically pointed out the appeal waiver, reiterating the text of the provision and making sure Merced-Rodríguez understood the waiver. Next, the court stated: "Are you aware that, depending on the facts the Court finds and the sentence it imposes, both you and the government may still appeal the sentence in this case subject to that whatever?" (Merced-Rodríguez replied "yes.") The court explicitly noted the right to

---

[2] Merced-Rodríguez had earlier signed the plea agreement and the government had agreed not to pursue another carjacking charge in Count One.

-4-

appeal depended on the facts the court finds and the sentence it imposes. This is consistent with the conditional language of the appellate waiver, which stated the right to appeal is waived if the court accepts the agreement and sentences the defendant according to its terms and conditions. The phrase "subject to that whatever," while not a model of clarity, could reasonably be understood to mean the court was referring to the waiver provision it just read, and does not negate the waiver.

We have explicitly disagreed with the Ninth Circuit's approach which finds "a blanket assurance about the right to appeal, delivered when sentence is pronounced, cancels a preexisting waiver of appellate rights." Id. at 25. While such statements "muddy the water and tend to instill false hope–they do not effect a per se nullification of a plea-agreement waiver of appellate rights." Id. Therefore, the statement here, which conditioned the right to appeal on the court's making certain findings and imposing the recommended sentence (which it ultimately did), cannot serve to negate the waiver. As we declared in United States v. Soto-Cruz, 449 F.3d 258 (1st Cir. 2006), "[T]he district court's statement about the limited circumstances under which [the defendant] could appeal his sentence does not negate the enforceability of his appeal waiver." Id. at 261.

Plea agreements entered into knowingly and voluntarily are presumptively valid, but the court of appeals may not enforce

the waiver if doing so would work a miscarriage of justice. Teeter, 257 F.3d at 25-26. In determining what constitutes a "miscarriage of justice," we have articulated the following considerations:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Id. at 26. We noted that the miscarriage-of-justice exception would "be applied sparingly and without undue generosity." Id. Here, Merced-Rodríguez argues there would be a miscarriage of justice if the waiver is enforced because there was no factual basis for the intent element of the crime to which he pled guilty.

Federal Rule of Criminal Procedure 11(b)(3) requires the court to determine that there is a factual basis for the plea. Id. "At its most abecedarian level, the requirement that a guilty plea must be supported by an adequate factual basis ensures that the conduct to which the defendant admits constitutes the crime with which he is charged." United States v. Negron-Narvaez, 403 F.3d 33, 37 (1st Cir. 2005). It is not a test of guilt versus innocence—the court "need only be persuaded that sufficient evidence exists to permit a reasonable person to reach a finding of guilt." Id. "The component facts may come either from the defendant's admissions and concessions or from credible evidence

proffered by the government and not contradicted by the defendant." Id.

Merced-Rodríguez did not present the issue of an insufficient factual basis to the district court and therefore the standard of review is plain error. Id. To show plain error, he must demonstrate that there is error that is plain and that it affects substantial rights. If these conditions are met, this court may use its discretion to notice such an error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Borrero-Acevedo, 533 F.3d 11, 15 (1st Cir. 2008) (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)) (internal quotation marks omitted, alteration in original). In the context of an error under Rule 11 of the Federal Rules of Criminal Procedure, to demonstrate that the error affects substantial rights, the defendant must show a reasonable probability that, but for the error, he would not have pled guilty. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004).

Here, Merced-Rodríguez argues there were insufficient facts to establish that he had the requisite intent to inflict serious bodily harm under the carjacking statute. The Supreme Court discussed the mens rea requirement in Holloway v. United States, 526 U.S. 1 (1999), finding conditional intent to cause bodily harm sufficient. "Congress intended to criminalize the more typical carjacking carried out by means of a deliberate threat of

-7-

violence, rather than just the rare case in which the defendant has an unconditional intent to use violence regardless of how the driver responds to his threat." Id. at 3. In cases where the driver surrendered the car without the defendant's attempting to inflict or actually inflicting serious bodily harm, the government would have to prove that "the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." Id. at 11-12 (emphasis added). Here, the stipulation of facts provided that "the defendant approached her and grabbed her by the shoulder and stated 'this is a holdup', the defendant then grabbed the victim's handbag and keys to her motor vehicle . . . ."

In addition, there is the issue of the gun attributed to his co-defendant in the presentence report ("PSR"). The two defendants were indicted and pled guilty to separate counts of "aiding and abetting" each other in the related offenses. In United States v. Evans-Garcia, the defendant challenged the sufficiency of the evidence of his intent to aid and abet the carjacking. 322 F.3d 110, 113 (1st Cir. 2003). The court noted:

> There is an additional layer in the analysis of [the defendant]'s intent in this case, as the indictment and judgment state that he was an aider and abetter in the offenses. To be liable as an aider and abetter, a defendant must have "consciously shared the principal's knowledge of the underlying criminal act, and intended to help the principal."

-8-

Id. at 14 (quoting United States v. Otero-Méndez, 273 F.3d 46, 51 (1st Cir. 2001)) (footnote omitted). Here, the PSR established Merced-Rodríguez's co-defendant had a gun, and although the PSR stated it had a blocked barrel, there is no evidence that Merced-Rodríguez knew that the gun was inoperable. Therefore, because of the framing of his culpability as an aider and abettor, the gun further supports the factual basis that he would have at least attempted to seriously harm the victim if necessary. Therefore, the district court did not commit plain error in concluding that this creates a sufficient factual basis to permit a reasonable person to find that, at the moment of demanding the car, Merced-Rodríguez would have at least attempted to seriously harm the victim if necessary.

Merced-Rodríguez argues that under the statute the mens rea requirement applicable here is intent to cause "serious bodily injury" as defined in 18 U.S.C. § 1365. This is incorrect. The carjacking statute describes the intent as "intent to cause death or serious bodily harm." 18 U.S.C. § 2119 (emphasis added). Under subsection (1), the maximum prison term is 15 years. Id. Subsection (2) elevates the penalty to 25 years if serious bodily injury (as defined in § 1365) or death results. Id. Although the indictment and part of the plea agreement reference both subsections, in the "Maximum Penalty" section of the agreement, it states the maximum penalty for the count is 15 years, suggesting

Merced-Rodríguez was pleading guilty to a violation only of subsection (1) and not subsection (2). Consistent with that, Merced-Rodríguez was sentenced, pursuant to the agreement, to 141 months, which is closer to the 15-year maximum under subsection (1).

Because there was a sufficient factual basis of conditional intent, enforcing the plea agreement does not work a miscarriage of justice. In addition, the miscarriage of justice standard requires this court to assess the character of the error and the extent to which the defendant acquiesced in the result. Teeter, 257 F.3d at 26. In this case, Merced-Rodríguez did not raise the sufficiency of the factual basis before the district court and therefore to the extent review is available, it would be for plain error. Under that standard, he would have to demonstrate he would not have pled guilty but for the error, which he has failed to do.

**AFFIRMED**.



**-Dissenting Opinion Follows-**

-10-

**TORRUELLA**, <u>Circuit Judge</u> **(Dissenting).** With due respect to the well-reasoned opinion of my colleagues in the majority, I am compelled to dissent for the reasons hereinafter stated.

I believe that the district court plainly erred in finding a sufficient factual basis to accept the plea agreement. Specifically, I question whether a factual basis existed that would allow the district court to conclude that Merced-Rodríguez had the requisite intent to inflict serious bodily harm under the carjacking statute. While I recognize that Fed. R. Crim. P. 11(b)(3) does not require a "test of guilty versus innocence" or proof beyond a reasonable doubt, we have made clear that there must be a "reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt." <u>United States</u> v. <u>Matos-Quiñones</u>, 456 F.3d 14, 21 (1st Cir. 2006). I conclude that the instant facts failed to supply the district court with this "reasoned basis."

Although grabbing the victim's shoulder, stating that "this is a holdup," and then grabbing the victim's handbag and keys could certainly meet the "force, violence, and intimidation" element of the carjacking statute, the Supreme Court has indicated that more is needed to satisfy the specific intent element of the statute. <u>See</u> <u>United States</u> v. <u>Holloway</u>, 526 U.S. 1, 11 (1999) ("While an empty threat, or intimidating bluff, would be sufficient

-11-

to satisfy the latter element, such conduct, standing on its own, is not enough to satisfy § 2119's specific intent element.").

Our cases regarding the factual sufficiency of a plea or the evidentiary sufficiency of a conviction in this context have detailed far more evidence of an intent to inflict serious bodily harm, often involving explicit threats using firearms.[3] I acknowledge that the more egregious conduct in those cases does not, by itself, make our case distinguishable. However, I disagree that the physical assault, Merced-Rodríguez's statement to the victim that "this is a holdup," as well as the inoperable gun tossed by his co-defendant upon fleeing the scene provides the reasoned basis to show that Merced-Rodríguez intended to inflict serious bodily harm to effectuate the carjacking. In my view, the

---

[3]For example, in Matos-Quiñones, two co-defendants argued that they did not possess the specific intent required by the carjacking statute. 456 F.3d at 14. With respect to one of the defendants, the court concluded that the intent element was satisfied as the "[t]he presence of ammunition, the death threats, and the fact that he eventually *did* kill the victim, provide[d] a rational basis to believe that [the defendant] was willing to fire his gun if necessary to steal the car." Id. at 21 (emphasis in original). The court explained that "[t]o take the victim's car, [the defendant] pressed a loaded handgun against the victim's body and threatened the victim with death." Id. Regarding the other defendant, the court noted that the intent element was met as the defendant "threatened the victim with a handgun at the moment of the carjacking . . . [and] later demonstrated his willingness to inflict violent harm when he struck the victim with his handgun." Id. at 22. See also United States v. Lebrón-Cepeda, 324 F.3d 52, 57 (1st Cir. 2003) (conditional intent to kill could be inferred as to two defendants where one "placed a loaded and cocked revolver against [the victim's] head at the inception of the carjacking and verbally threatened him").

-12-

fact that the gun was inoperable, that it was not used in the threat, and that Merced-Rodríguez and his co-defendant fled upon hearing the victim scream -- a reaction quite foreseeable in the course of a carjacking -- indicate Merced-Rodríguez's total lack of intent to inflict serious bodily harm at the moment of demanding the car.

Even when considering Merced-Rodríguez as an aider or abettor responsible for his co-defendant's inoperable gun, I disagree that there was a sufficient factual basis for the intent element. Notably, our case law in this context has focused on evidence from which it could be inferred that the aider and abettor knew of the gun and that it would be used.[4] Here, the stipulated facts do not point to any such evidence.

Because of my concerns regarding the factual basis of the specific intent element in this case, I conclude that there was not a reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt. Thus, I believe this to be the rare case where plain error exists. Applying the plain

---

[4]See United States v. Otero-Méndez, 273 F.3d 46, 52 (1st Cir. 2001) (requisite intent found where defendant knew to a "practical certainty" that his companion intended serious bodily injury or death based on the fact that his companions had guns when entering his car and that they shot victim immediately upon exiting defendant's car); United States v. Gandía-Maysonet, 227 F.3d 1, 6-7 (1st Cir. 2000) (requisite intent found where it was reasonable to infer defendant knew companion carjacker had a gun because they obtained the gun together and it could be inferred that defendant knew the gun would be fired, as it eventually was).

-13-

error factors, the district court's error in accepting the plea affected Merced-Rodríguez's substantial rights because, from my reading of the record, there was a reasonable probability that he would not have pled guilty to the crime had the district court not committed this error. Also, I conclude that the district court's error affected the integrity of the judicial proceedings.

Finally, and for similar reasons, I believe it would be a miscarriage of justice to enforce the waiver provision contained in the plea agreement.[5] The clarity of the error and its significant impact on Merced-Rodríguez outweighs any prejudice to the government and his acquiescence in the result.

For the foregoing reasons, I respectfully dissent.

---

[5]I note that some of our sister courts have held that it is appropriate to review a plea agreement in cases involving factual insufficiency claims of a plea irrespective of whether a defendant signed a waiver of appeal provision. See United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2006) (stating that despite a waiver provision "a defendant retains the right to contend that there were errors in the proceedings that led to the acceptance of his plea of guilty, and he may argue that the district court failed to satisfy the requirement that there is a factual basis for the plea.") (internal quotation marks omitted); United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002) ("[E]ven if there is an unconditional plea of guilty or a waiver of appeal provision in a plea agreement, this Court has the power to review if the factual basis for the plea fails to establish an element of the offense which the defendant pled guilty to."), quoted in United States v. Hildenbrand, 527 F.3d 466, 474 (5th Cir. 2008).